**612**                **SUPREME COURT OF IOWA,**

The Knoxville National Bank v. The Independent District of Washington.

THE KNOXVILLE NATIONAL BANK v. THE INDEPENDENT DIS-
TRICT OF WASHINGTON.

1. **School District**: ORDER OF: ACTION. A school order was issued to
a teacher for the payment of services as teacher in a sub-district; before
its payment the several sub-districts of the township were organized into
independent districts: *Held*, that an action upon the order would not
lie against the independent district formed from the sub-district where
the services were rendered.

2. ———: ———: ———. In such a case, the whole district township being
liable, recovery could be had of all the independent districts united as
defendants, and they themselves should apportion their respective lia-
bilities.

*Appeal from Marion Circuit Court.*

WEDNESDAY, JUNE 16.

THE plaintiff filed in the Marion Circuit Court its petition,
in substance stating that during the year 1872, the District
Township of Washington, in Marion County, was organized
and acting as a school district, and, while so acting, for services
rendered in sub-district No. 9 therein, as a teacher, by one
Benjamin S. Kirk, it issued to him on the 6th day of August,
1872, an order on the teacher's fund for ninety dollars, which
order, the said Kirk about the 10th day of August, 1872, pre-
sented to the treasurer of said District Township for payment,
and that the same was not paid for want of funds, and was so
indorsed. That about the 1st day of September, 1872, the
said Kirk sold said order to plaintiff. That afterward the said
District Township of Washington abandoned the district
township organization, and all of the sub-districts of said dis-
trict township duly organized themselves into several Inde-
pendent Districts and are acting as such. That in said organi-
zation sub-district No. 9 of said district township took unto
itself the name of, and is now known as, the Independent
School District of Washington, and is composed of the same
territory as went to make up said sub-district No. 9, and is
now the defendant in this action. That the order is now

plaintiff's property, and no part thereof has been paid. Plaintiff prays judgment for one hundred and fifty dollars and costs.

The defendant demurred to this petition upon the ground, stated in various forms, that the order was not executed by the defendant nor any of its officers, nor for any debt or liability of the defendant.

The demurrer was sustained. Plaintiff appeals.

*Anderson & Collins,* for appellant.

*Stone & Ayres,* for appellee.

DAY, J.—The demurrer, we think, was rightly sustained. We concede, as appellant claims, that a municipal corporation

1. SCHOOL district : order of : action.

cannot defeat the claims of its creditors by abandoning or changing its corporate capacity. When the service in question was rendered and the order was drawn, the school district township of Washington, embracing the territory included in nine sub-districts, and now included in nine Independent school districts, was liable therefor. Although the service was directly rendered in sub-district number nine, yet that sub-district had no corporate capacity, and was no more liable upon the order, than was each of the other eight sub-districts in the district township. As the sub-district was not originally liable for the debt, it would seem to follow that the Independent district, which embraces the same territory, and is its representative, is not liable therefor. It is clear that the respective Independent districts could not, by agreement between themselves, have transferred this debt to the defendant, and compelled the plaintiff to look to it for payment.

Plaintiff held a claim against the district township, and he had a right to insist that the property of the whole district township should be held liable for its discharge. *Stevenson and Rice v. The District Township of Summit,* 35 Iowa, 462. But, as rights and obligations must be mutual and reciprocal, it would seem to follow that the plaintiff cannot, without the consent of defendant, cast the whole burden of the

debt upon it.   Appellant cites section 2520 of the Code of 1873, which provides that where two or more persons are bound by contract, or by judgment, decree or statute, whether jointly only, or jointly or severally only, the action thereon may, at the plaintiff's option, be brought against any or all of them, and insists that this section authorizes the bringing of this action against defendant.   We think, however, that this section does not apply to the facts of this case.   There was here no original joint or several liability of the nine sub-districts, forming the District Township.   As sub-districts no action could have been maintained against them jointly, nor against any one of them separately, for they had no corporate existence.   Where there is a joint liability, of such character as to come under the provisions of this section, there must be an equal liability.   Now, it is apparent that, when each of these sub-districts became an Independent School District, and assumed corporate powers and duties, it became liable for the debts of the District Township in proportion only to the value of the property of the district to which it succeeded.   No two of these Independent Districts may be liable for the same amount.

At the same time the plaintiff is not to be embarrassed or impeded in the collection of his claim, because of the change in corporate existence.   The original district township has no officers, through whom he could enforce the levy of a tax for the payment of his debt, if it should be necessary to resort to such a course.   Plaintiff cannot be compelled to bring nine separate actions.

We think he may unite, as defendants, all the Independent Districts, embracing the territory of the original District Township, and that they should be left to determine in an appropriate action, between themselves, the amount for which each is responsible.

AFFIRMED.