48 180
102 646

48 189
139 26

KENNEDY v. THE INDEPENDENT SCHOOL DISTRICT OF DERBY GRANGE ET AL.

1. **School District:** OFFICER. The treasurer of a school district is an officer thereof, and service of an original notice upon him in an action against the district constitutes service upon the district.

2. ————: JUDGMENT AGAINST INDEPENDENT DISTRICTS: JURISDICTION. Where the district organization had been abandoned, and the several sub-districts organized into independent districts, it was *held*, that an action in equity might be maintained against them upon a debt of the district, and that the District Court had jurisdiction to render judgment thereon, and to issue a writ of *mandamus* commanding the directors of the independent districts to apportion the amount of the judgment among them. *Held*, further, that the apportionment thus made did not conclude any district, but that it might maintain an action against the others for contribution.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 17.

THE plaintiff furnished labor and material for the erection of a school-house in the district township of Julien, and the district township became indebted to him therefor in the sum of $350.64, which is still unpaid. After the indebtedness was contracted, the district township organization was abandoned, and the several sub-districts were organized as independent districts. No division of the assets and liabilities was made. This action was brought against the several independent districts to recover the amount of the claim. Judgment was

rendered therefor. A writ of mandamus, also, was issued, commanding the directors of the independent districts to assemble and apportion among the districts the amount which each should pay of the plaintiff's judgment, and cause the same to be certified by the secretaries of the respective districts to the board of supervisors. A return was made to the writ, showing an attempted compliance by all the defendants except one, to-wit: the independent school district of Asbury. The return shows that the directors of the different districts met, including those of the district of Asbury. At the meeting a resolution was passed, apportioning among the different districts the amount which each should pay of the plaintiff's judgment, and one other judgment, amounting in all to $879.64. The apportionment made was as follows: To the districts of Derby Grange, Oakville, Stone Hill, Wilton and Julien, each $20, to the district of Asbury, $779.64. All the directors voted for the resolution except the directors for the district of Asbury, who voted against it. They made a return to the writ, stating, in substance, that they had no power under the law to comply with it, and that the district of Asbury had never been served with any notice in the action, nor had it employed any attorney to appear for it.

The secretary of the district of Asbury refused to join in certifying the apportionment to the board of supervisors, and the court appointed one Boyes to sign the secretary's name to the certificate. Afterwards the district of Asbury moved to set aside the judgment, stating, in substance, as the grounds therefor, that the district was not served with notice; that no authorized appearance was made for it; that no default was entered; that no entry of an order for the issuance of the writ was made, and no record of a judgment or decree has been approved or signed, and that the directors have no legal power to comply with the writ. The court overruled the motion, to which the district of Asbury excepted.

The district appeals.

*M. H. Beach,* for appellant.

*Fouke & Lyon,* for appellee.

ROTHROCK, CH. J.—I. Whatever service of original notice was made upon the district of Asbury was made by service upon the treasurer of the district. It is claimed by the district that that was not sufficient. Service of a notice upon a school district may be made by service upon any officer thereof. Code, § 2612. We have only the question then as to whether the treasurer of a school district is an officer. It is insisted by the district that he is a mere employe. The argument for this view is that he is elected, not by the electors of the district, but by the board of directors; that he is not necessarily a member of the board, and is in fact not a member in this case, and is charged with no duty except the custody of the funds and the payment of orders. We are of the opinion, however, that this does not constitute him a mere employe. An office in a municipal corporation is a public function established by law. The mode of filling it is provided by law. Whoever is duly invested with the office has a right to it, until his right expires in some way provided by law. We think that a treasurer of a school district is an officer, and that service of the original notice upon him was service upon the district.

II. The district, then, was bound by the action of the court, so far as it had jurisdiction. That it had jurisdiction to render judgment on the claim against the defendants served with notice is, of course, not denied. We have only to determine whether it had jurisdiction to order the issuance of the writ of mandamus.

The petition was entitled in equity. It demanded judgment for the amount due, and prayed that in the event an execution should be returned unsatisfied, a writ of mandamus should be issued commanding the defendants by their proper

officers to meet and apportion among themselves said indebt-edness as shall be equitable and just, and after this shall be done, to then cause such apportionment to be levied at the next regular assessment for school purposes. After the judgment was rendered, an execution was issued and returned unsatisfied, and then the order for the writ of mandamus was entered, and the writ issued. It is a rule of general application that when a court has obtained jurisdiction of the person of the defendant, and jurisdiction of the subject-matter of the action, no error committed in the exercise of that jurisdiction can make the proceedings or judgment of the court void. Freeman on Judgments, § 135, and authorities in note.

The subject-matter of this action was, first, a claim upon a money demand, and next, a demand for an order for a writ of mandamus to compel the districts to apportion the amount, and cause the levy of a tax to be made for the payment of the judgment.

The District Court is a court of general original jurisdiction. It has jurisdiction of the ordinary action for judgment on the debt; and it has jurisdiction in all actions for the writ of mandamus. Having jurisdiction of the subject-matter, it is not a question for our determination upon this appeal, whether the court erred in exercising its jurisdiction. We have no doubt that it was within the jurisdiction of the court to compel the payment of the judgment in some way. As all school property is exempt from execution, the only means of payment was by the levy of a tax upon the taxable property of the districts. Such tax has been levied, and is now upon the tax books for collection. While it may be conceded that the means used to procure the levy were irregular, yet, the court having had jurisdiction, the levy is not void.

When a district township organization is abandoned, and independent districts are organized, and there is indebtedness against the district township remaining unpaid, the creditors may take judgment against all the independent districts as was done in this case. *Knoxville Nat. Bank v. The Ind. Dist.*

*of Washington,* 40 Iowa, 612.   While a creditor of the district township should not be allowed to maintain an action against one, alone, of the independent districts, no one representing in any proper sense the original debtor, yet after the creditor has obtained judgment against them all, and the liability of all has been thus determined, we see no reason why the creditor should not be allowed to collect his judgment from one or all as best he can, leaving the judgment defendants, as the opinion in the case cited suggests, to determine in an appropriate action their respective obligations among themselves. That a court of equity would have jurisdiction of such an action, we have no doubt.

That the apportionment made in this case is an adjudication of the rights of the independent districts, as among themselves, we do not hold.   The mandamus or order for the levy of a tax in this case supplies the place of an execution upon a judgment against a natural person.   A plaintiff in execution may cause a levy to be made upon the property of one of several joint judgment debtors, and thus collect the whole of the judgment.   But this would be no adjudication as between the joint judgment debtors.   They could maintain actions against each other for contribution.   So in the case at bar the order to apportion the tax did not conclude any district which did not agree to the apportionment.   The plaintiff was interested only in the collection of his debt.   It did not concern him whether the district of Asbury should pay all of it, or whether each district should pay a part.

We do not find anything in the record which adjudicates the apportionment as between the defendants, and we do not think they are concluded from maintaining an action to determine their respective obligations.

But believing, as we do, that the court below had jurisdiction of the subject-matter of the action, as between the plaintiff and the defendants, the levy of the tax must be held binding upon all the defendants.

                                        AFFIRMED.