THE DISTRICT TOWNSHIP OF WHITE OAK ET AL. v. THE DISTRICT TOWNSHIP OF OSKALOOSA ET AL.

1. **School District: DEBT OF DISTRICT TOWNSHIP: JOINDER.** Where a district township abandons its organization and the territory is organized into independent districts, a creditor of the district township may join such independent districts as defendants, in an action upon his claim, and a joint and several judgment may be rendered against them therein.

2. ——: ———. Neither section 1715 nor section 1820 of the Code has any application to the claim of one district township against another, accruing after the division of the debtor township into independent districts.

<em>Appeal from Mahaska District Court.</em>

TUESDAY, OCTOBER 21.

THIS cause was before us upon a former appeal, when the judgment of the court below sustaining a demurrer to the petition was reversed. See 44 Iowa, 512. The cause being remanded the defendants filed an answer, and the cause was referred to F. M. Davenport, Esq., to report the facts, with

his conclusions of law. On the 26th of March, 1878, the referee filed the following report:

"1. That the plaintiff, the district township of White Oak, in the years 1869, 1870, 1871 and 1872, and prior thereto, was a municipal corporation, organized and existing under the laws of the State of Iowa.

"2. That the defendant, the district township of Oskaloosa, was also, during said years and prior thereto, a municipal corporation organized and existing under the laws of the State of Iowa.

"3. That J. F. Everett, superintendent of schools of Mahaska county, by and with the advice and consent of the boards of directors of the district township of Oskaloosa and the district township of White Oak, attached a portion of the territory of the district township of Oskaloosa to the district township of White Oak for school purposes, and out of said territory so attached, together with a portion of the territory of the district township of White Oak, was created subdistrict No. 8, in White Oak township, and that said territory so attached from Oskaloosa township to White Oak township was comprised within the following boundaries to-wit: Beginning at the southeast corner of section No. twelve (12), in township No. seventy-five (75), north of range No. fifteen (15) west, thence west one-half mile, thence south one and one-half miles to the center of section No. twenty-four (24) in said township, thence east one-fourth of a mile, thence south one-half of a mile, thence north two miles to the place of beginning.

"4. That for the years 1869, 1870, 1871, and 1872, the children of proper school age residing upon the territory above described attended school in subdistrict No. eight (8), in the district township of White Oak, and that from the time said territory was attached to White Oak township the district township of Oskaloosa relinquished all power and control over said territory so attached, and the same was controlled by the district township of White Oak for school purposes during the years above named, and that the taxes levied and collected for said years upon said territory so attached, were computed at the rate per centum and based upon the levies made by the district

township of White Oak, and certified by said board to the board of supervisors of Mahaska county, Iowa.

"That the amount of taxes so levied and collected by the treasurer of Mahaska county for school purposes for the years 1869, 1870, 1871 and 1872, upon the property comprised within the limits of the territory above described, is the sum of four hundred and sixty-four and $\frac{27}{100}$ dollars, and said sum being distributed among the several funds as follows: Teachers' fund $171.77, school-house fund $230.59, and contingent fund $62.01, and that the sum was paid by the county treasurer to the treasurer of the district township of Oskaloosa through mistake.

That no part of said sum of four hundred and sixty-four and $\frac{27}{100}$ dollars so paid by mistake to the treasurer of the district township of Oskaloosa has ever been paid to said district township of White Oak, though the same has been demanded of said district township of Oskaloosa.

"That on or about the — day of March, 1873, the district township of White Oak, under chapter seventy-three of the laws of the Fourteenth General Assembly, organized itself into independent districts, and the board of directors of said district township of White Oak met on the 14th day of August, 1873, to make an equitable division of the assets and liabilities of said district township of White Oak, among the several independent districts which had been formed out of said district township of White Oak, and the independent district of Mission Ridge, having been formed out of the territory which had formerly constituted subdistrict No. eight (8), to which the territory detached from the district township of Oskaloosa had been attached, the said board of directors on said occasion made and caused to be entered of record the following order relating to the claim in controversy in this action, which order is as follows:

"'The independent district of Mission Ridge shall have power to collect the claim for taxes improperly paid to Oskaloosa township, and also to collect the claim on the independent district of Buckeye, and after paying expenses to pay the proceeds raised for teachers' fund and contingent fund equally

to the several independent districts; also the independent district of Mission Ridge shall pay to each independent district its proportion of the amount raised in 1870, for paying on its school-house, and it should retain the remainder for its own use.'

"That on or about the — day of March, A. D. 1873, the district township of Oskaloosa organized itself into independent districts, and that in the equitable division of assets and liabilities among the several independent districts thus formed (being the other defendants in this action), no provision was made for the payment of the said sum of four hundred and sixty-four and $\frac{37}{100}$ dollars or any part thereof, which had been received by it through the mistake of the county treasurer as aforesaid, and that by this means the said sum above received has been converted to the use and benefit of all the independent districts formed out of said district township of Oskaloosa, and correctly named as the other defendants in this action.

"That a demand was made upon the district township of Oskaloosa for a repayment of what had been thus paid by mistake, but the exact date does not appear, only that it was before said district township organized itself into an independent district and said demand was refused. From the foregoing facts my conclusions of law are:

"1. That there is due to the plaintiff, the independent district of Mission Ridge, from the defendants herein, except the district township of Oskaloosa, the sum of four hundred and sixty-four and $\frac{37}{100}$ dollars and interest thereon at six per cent from April 1st, 1873, and plaintiff is entitled to judgment for said sum with interest to this date.

"2. That plaintiff is not in this action entitled to a writ or order of *mandamus*, until after the defendants have failed and refused to pay or make any provision for paying the amount as above ascertained to be due.

"3. The referee therefore recommends to the court to enter a judgment and decree in accordance with the above finding of facts and conclusions of law."

The plaintiffs thereupon moved the court to confirm the report, and to render judgment against the defendants as

recommended by the referee. The defendants moved the court to render a judgment in their favor, against the plaintiffs, upon the facts found by the referee. The court overruled the defendant's motion, and entered a judgment as follows:

"It is, therefore, ordered and adjudged that the plaintiff, the Independent District of Mission Ridge, have and recover of and from the defendants, the Independent District No. Three, or Unity; the Independent District No. Five, or Bloomfield; the Independent District No. Two, or Hazel Dell; the Independent District No. Fifteen, or Lynnwood; the Independent District No. Fourteen, or Hawkeye; the Independent District No. Ten, the Independent District No. Six; the Independent District No. One, or Elm Grove; the Independent District No. Eight, or Beacon; the Independent District No. Eleven, or Union; the Independent District No. Thirteen, or Pierce; the Independent District No. Seventeen; the Independent District of Six Mile, the Independent District No. Twelve, or Muchachinock, and the Independent District No. Four, or Bald Prairie, the sum of six hundred and seventeen dollars and sixty-one cents * * * and that in default of payment execution issue therefor."

To the rendition of this judgment the defendants duly excepted. The defendants appeal.

*M. E. Cutts* and *Crookham & Gleason*, for appellants.

*Lafferty & Johnson*, for appellees.

DAY, J.—I. Appellant insists that a joint and several judgment cannot be rendered against the several independent districts carved out of the district township of Oskaloosa, and for this position relies upon *Knoxville National Bank v. The Independent District of Washington*, 40 Iowa, 612. In that case the district township of Washington issued an order upon the teachers' fund, for services rendered in subdistrict No. nineteen. Afterward the district township abandoned the district organization, and the subdistricts of said district township organized themselves

1. SCHOOL district: debt of district township: joinder.

into independent districts. The territory comprising subdistrict No. nine became the independent school district of Washington. It was held that the independent school district of Washington could not be made liable upon the order for the debt, because the debt was that of the district township of Washington, and not that of the subdistrict. It was also held that section 2520 of the Code of 1873 did not apply, because there was no joint or several liability of the subdistricts comprising the district township, for that they were not corporations and no action could be maintained against them. It was not intimated in that case that, when all the independent districts carved out of a district township are united as defendants, a judgment may not be rendered in such form that it may be primarily satisfied out of the property of any one of the independent districts. It is urged, however, that the statement in *Knoxville National Bank v. The Independent District of Washington*, that all of the independent districts carved out of a district township may be united as defendants, is a mere dictum, and not binding as an adjudication. It may be conceded that the determination of this question was not necessarily involved in the case above referred to. Still we are satisfied that such a joinder of the independent districts is necessary for the protection of the rights of a creditor. After the district township organization has been abandoned, and it has ceased to have any officers, there is no way in which a judgment against it can be enforced, if, indeed, any could be recovered. The district township, by its voluntary action, ought not to be allowed to embarrass the plaintiff, and compel him to resort to as many separate actions as independant districts are carved out of the district township. The plaintiff has a right to enforce his debt against the whole district township. *Stevenson v. District Township of Summit*, 35 Iowa, 462 (471). When the district township organization has been abandoned he can do this efficiently only by uniting the several independent districts in an action, and this we hold he may do. See *Kennedy v. Independent District of Derby Grange*, 48 Iowa, 189.

II. Appellant insists that the only remedy of plaintiff is to

apply to the board of directors for a distribution of assets, as
2. ——: ——. provided in sections 1715 and 1820 of the Code.
Section 1715 applies to cases of changes in civil township
boundaries, or where a district is divided into two or more
townships for civil purposes, neither of which occurred in the
case at bar.   If, however, the applicability of this section
should be conceded to the changes in question, it refers only
to the division of assets existing at the time of the change.
The claim in question had no existence at that time, but arose
subsequently to the change in boundaries, by the payment to
the district township of Oskaloosa, of taxes to which the
district township of White Oak was entitled.   This section,
therefore, is not applicable.   Section 1820 applies to a division
of assets between the several independent districts carved out
of a district township, and has no reference to the claim of one
district township against another.   The judgment is

AFFIRMED.

SEEVERS, J., having been of counsel, took no part in the
decision of this case.