The State of Iowa, on relation of W. E. Pritchard, S. J. Chichester, F. D. Meyer, Harvey Graves, J. W. Baily, First National Bank of Valley Junction, Iowa; The Independent School District of Valley Junction, Iowa; D. C. VanSickle, and the Valley Savings Bank, Appellants, v. Theodore F. Grefe, C. H. Martin, R. J. Fleming, J. B. Sullivan, John W. Ray, D. F. Givens, and Homer Miller.

**Schools:** consolidation of districts: filing of petition: population: evidence. By the provisions of chapter 155, Acts 32d General Assembly, relating to the establishment of consolidated independent districts in cities of 50,000 population or over as co-extensive with the city limits, the petition for that purpose is to be filed with the school corporation having the largest number of voters whether such corporation lies entirely within the city or not; and the State census of 1905, is competent evidence on the question of population, although previously taken, in the absence of a showing of change in the population.

**Same.** In determining the population of a school district with a view of consolidation and the proper board with whom to file the petition, evidence that a strip of land lying within the district but outside the city limits is rural rather than urbane, is divided into farms and gardens and that the population is sparce, although no census had been taken, is competent; as is also a school register prepared in pursuance of the statute.

**Same:** statutes: repeal by implication. The law authorizing consolidation for school purposes of all the territory within a city of 50,000 population or over, if the electors so determine,

does not repeal by implication section 10, chapter 136, Acts 31st General Assembly, relating to a change of boundaries of school districts by the concurrent action of the several boards.

**Constitutional law:** SUBJECT OF AN ACT TO BE EXPRESSED IN TITLE. An act which provides for the consolidation of all the territory within cities of a certain class into independent school districts, is sufficiently expressed in a title referring to the consolidation of districts rather than territory, and is not violative of the constitutional provision that the subject of an act shall be expressed in the title.

**Same:** IMPAIRMENT OF CONTRACT OBLIGATIONS. The legislature has power to provide for a consolidation of school districts which may result in changing the boundaries of existing districts, and a creditor has no right to complain unless the effect is to impair the obligation of his contract: and where the consolidation operates to sever an existing district having outstanding bonds there is no impairment of the bondholder's obligation, since the entire district as it existed before severance continues liable for the payment of the bonds; especially where the act authorizing consolidation provides that the rights of existing creditors should not be affected.

**Legislative power:** DEPRIVATION OF LOCAL CONTROL. The legislature has power in providing for the reorganization or creation of a school corporation to designate the temporary officers, and the same is not an usurpation of the right of local self-government.

**Constitutional law:** CLASS LEGISLATION. An act with reference to the consolidation of school districts, which is made applicable to cities of 50,000 population or over, is not violative of the provision of the constitution requiring uniformity of operation and prohibiting class legislation.

**Same:** TAKING OF PRIVATE PROPERTY WITHOUT COMPENSATION. A legislative act providing for a change in the boundaries and organization of school districts, and an apportionment of their common property by the newly elected officers thereof, is not unconstitutional as effecting the taking of private property for public use without just compensation.

*Appeal from Polk District Court.*— HON. JESSE A. MILLER, Judge.

TUESDAY, JULY 7, 1908.

ACTION in *quo warranto* to test the right of defendants

to exercise the offices of directors of the independent school district of Des Moines. The petition was dismissed, and plaintiff appeals.— *Affirmed*.

*Halloran & Starkey,* for appellant.

*Read & Read,* for appellees.

LADD, C. J.— Prior to May 21, 1907, there were five independent school districts wholly within the corporate limits of the city of Des Moines, and twelve such districts partly within and partly without said limits. On that day the electors of the city in pursuance of chapter 155 of the Acts of the Thirty-Second General Assembly (Laws 1907), by a vote of 3,081 for to 952 against on the question, " Shall all the territory within the city of Des Moines be united into one school district ? " effected as is claimed by defendants, the consolidation of all the territory within the city boundaries as the independent school district of Des Moines. The defendants, constituting the board of directors of the independent school district of West Des Moines, passed on the sufficiency of the petition of one hundred electors, ordered the election, canvassed the returns, and, upon ascertaining the result as stated, declared and recorded it, and thereupon assumed to act as directors of the new district. Their right so to do is challenged on various grounds which will appear as we proceed, and is supported by an argument containing twelve propositions subdivided into eighty-eight points and these again separated into one hundred and thirty-two finer points. In only one other appeal since the assignment of four hundred and eighty-five errors in a single case prior to the repeal of the statute exacting assignments of error has genius for analysis been so signally manifested as in this argument. As the manner of compliance with, as well as the validity of, the act of the Legislature is assailed, it may be set

out.    The first section limits its operation to cities of 50,000 inhabitants or more.

Sec. 2.    When a written petition, requesting the establishment of a consolidated independent district whose territory shall be co-extensive with that of such city, signed by one hundred voters of such city, is filed with the board of the school corporation, therein having the largest number of voters, it shall be the duty of said board within ten days, to call an election, at which all the voters residing in the proposed district shall be allowed to vote by ballot for or against the proposition.    'Shall all the territory within the city of (naming it) be united into one school district?'    The board calling said election shall divide the territory within the proposed district into such number of precincts, as the board shall determine, and the judges of election shall make and certify a return of the vote to the secretary of the same board which shall, on the next Monday after the election, canvass the returns made to the secretary, ascertain the result of the election, declare the same and cause a record to be made thereof, and in all other respects, except as inconsistent with the provisions of this act, the election shall be conducted as provided by law for elections in independent school districts in cities of the first class.    If a majority of the votes cast at such election is favorable to the proposition, the consolidation and formation of said independent district shall thereby be effected and the board of directors, treasurer and other officers of the school corporation then holding office in the district affected by such consolidation having the largest number of votes shall continue to hold their respective offices until the terms for which they were originally elected shall expire. The terms of office of all directors, treasurers, and officers of the boards in all other districts affected by this act, lying wholly within such consolidated district and holding office at the time of such consolidation, shall cease and determine, and in case of districts lying partly without such consolidated district, the directors, officers and treasurers shall continue to have authority only over the territory lying within their districts, and without the consolidated district; provided that nothing herein contained shall affect the terms of employment of superintendents, principals, or teachers for the current school year, in which such consolidation may be effected.

Sec. 3. All taxes previously certified during that year, shall be void so far as the property within the limits of the consolidated independent district is concerned. And all taxes necessary for the new corporation for that year shall be certified and levied as provided in section twenty-seven hundred and ninety-six (2796) of the Code. All property belonging to districts affected by such consolidation shall become the property of the consolidated district, except that in case of districts lying partly without such city, the liabilities and assets of such districts shall be equitably apportioned in accordance with chapter one hundred and thirty-six (136), section thirteen (13) Acts of the Thirty-First (31) General Assembly, but nothing herein contained shall affect the rights of existing creditors.

I. It will be noted that the petition is to be signed by voters of the city only and not less than one hundred in number. Whether the requisite number did sign and were thus qualified was for the board of directors of "the school corporation therein having the largest number of voters" to determine. *Ryan v. Varga,* 37 Iowa, 78. Was the independent school district of West Des Moines such corporation? It included the first, second, third, and fourth wards of the city and a strip of country about two miles long and a half mile wide outside. Because a part of its territory lay beyond the city limits appellant contends that the defendants, constituting its board of directors, were without the power to act as above stated. In other words counsel argue that the "corporation therein having the largest number of voters" has reference to a corporation entirely within city limits. But such is not the language of the statute. Counsel suggest many reasons which possibly might have been persuasive in procuring a different wording had they been addressed to the Legislature, but ought not to be allowed to persuade the courts to do otherwise than give effect to the plain language employed in which no intention to discriminate between the several districts because of their location

1. Schools: consolidation of districts: filing of petition: population: evidence.

is manifested.   The sole test is the number of voters within each of the several districts, the directors of the one having the most voters being authorized to pass on the petition of the one hundred electors, order, and generally take charge of the election.

It is insisted, however, that in ascertaining the particular district having the largest number of voters only those residing in the city should be included.   As appellees concede this and, as will hereafter appear, the number of electors residing in the city and also the district exceed that of any other and probably of all the other districts it is unnecessary to decide the point.

Appellants next urge that there was no competent evidence of the relative number of voters in the seventeen districts.   A census of the State was taken in 1905 in pursuance of chapter 8 of the Acts of the Thirtieth General Assembly from which it appears that there were then in Polk county 30,073 male adults of whom 14,984 resided in the first, second, third, and fourth wards of Des Moines, within the district named.   Laws 1904.   In the other three wards of the city were 8,621 adult males, leaving outside of the city but 6,468 voters.   This act of the Legislature required the census to be published, and then declared that " such census publication shall be evidence of all matters therein contained," so that it was competent evidence of the foregoing facts.   That it was taken a couple of years previous does not, in the absence of any showing of change, impair its value as evidence, for, as has often been decided, conditions once established are presumed to continue for a reasonable time at least.   *State v. Jones,* 64 Iowa, 360; *Sigler v. Murphy,* 107 Iowa, 128.

A witness testified over objection that the strip of land included in the district, but outside the city, was rural rather than urban, and that it was separated into farms and gardens, and that not more than one hundred and fifty voters resided therein.   No separate census

2. SAME.

of it had ever been taken.    For the purpose of this case we are inclined to regard this evidence as competent.    It was the best attainable unless a census were to be taken, and when considered in connection with the use made of the land was sufficient to show that enough voters did not reside beyond the city limits to reduce the number of voters within them to that of any other district.    The relative number of voters residing in the district was further shown by proof that the school register prepared in pursuance of section 2755 of the Code for the March election of 1907 disclosed the names of 13,024 voters in this district, and but 6,180 in the school district of East Des Moines which comprised most of the city east of the Des Moines river.    It may be that these registers do not contain all the voters, but they were completed so near the time of filing the petition that they furnished valuable and competent evidence of the relative number of voters in the several districts.    If such evidence may not be resorted to, how shall it be ascertained which of the seventeen districts had the most voters at the time of the filing of the petition.    Shall a new census be taken?    Certainly this was not contemplated, and in the absence of such proof we are of the opinion that the evidence was competent, and that it satisfactorily proves that the largest number of voters, without counting those outside the city, lived in the district of which defendants were directors.

II.    Much of the appellant's argument is based on the assumption that the act quoted repealed by implication section 10, of chapter 136 of the Thirty-First General Assembly (Laws 1906).    See section 2793, Code Supp. 1907.    But this is not so.    There is no inconsistency between them, for the former relates to consolidation effected by a vote of the electors while the latter regulates the change of boundaries by the concurrent action of the several boards of directors of the different districts, in which event " the corporation from which territory is detached shall after the change contain not less than

3. SAME: statutes: repeal by implication.

four government sections of land and its boundary lines must conform to the lines of congressional divisions of land." Manifestly such limitations on the powers of the board of directors are not inconsistent with a subsequent statute like that first quoted authorizing a different result to be affected by a vote of the people. See *Rural Ind. School Dist. No. 10 v. Ind. School Dist. of Kelly,* 120 Iowa, 119.

III.   The act set out is assailed as violative of the Constitution in that (1) its subject is not expressed in the title; (2) it impairs the obligation of contracts; (3) deprives the people of the management of their own affairs; (4) is class legislation; and (5) takes private property for public use without just compensation. These propositions may be disposed of in the order enumerated.

4. CONSTITU-TIONAL LAW: subject of an act to be expressed in title.

The act is entitled " An act to provide for the consolidation and change of boundaries of school districts in certain cities of the first class and other purposes incidental thereto," and it is said this does not comply with section 29 of article 3 of the Constitution, exacting that the subject of every act be expressed in the title, in that the title refers to districts in certain cities, whereas the body of the act provides for the consolidation of all territory within city limits regardless of whether the districts are wholly within or partly without the city. In other words, counsel first misconstrue the title, and then challenge its constitutionality. Two things at least are indicated in the title: First, that the act relates to consolidation; and second, but incidental thereto, a change of boundaries. Of what? " Of school districts in certain cities." Wholly in? It is not so specified. If then only a portion of the district is in the city, it is such a district as here contemplated, and the title is broad enough to include it. But if the act be construed as appellants contend it should be, it is not open to the criticism made for in so far as appears each of the twelve districts partly without the city may be bounded by one or more of the five dis-

tricts entirely within and therefore the change of boundaries of the latter, conceded to be authorized, may have extended the five districts wholly within the corporate limits of the city so as to cover its entire territory. The title of an act is to be liberally construed. *Beresheim v. Arnd,* 117 Iowa, 90; *Cook v. Marshall Co.,* 119 Iowa, 397. And when this is done no doubt can arise as to the sufficiency of the title of the act under consideration.

IV. A part of the independent school district of Valley Junction was in the city of Des Moines and therefore included in the consolidated territory. That district had

5. SAME: impairment of contract obligations.

issued $8,000 in bonds now held by the First National Bank of Valley Junction. The independent school district of Gilbert was in like situation with outstanding bonds in the sum of $2,200 in the hands of the Valley Savings Bank. In view of the outstanding indebtedness of these districts it is contended that the effect of the legislation and consolidation thereunder is to impair the obligation of contracts. Substantive law becomes part of the contract when made as the measure of the obligations to perform them by one party and the right to enforce them by the other. No change in these respects was attempted, and the act expressly disclaims that anything therein " contained shall effect the rights of existing creditors." It is well settled that the entire district as it existed prior to division continues liable to creditors to the same extent after division as it was before. *Stevenson v. Dist. Township,* 35 Iowa, 462; *District Township of Clay v. District Township of Buchanan,* 63 Iowa, 188; *Knoxville National Bank v. School Dist.,* 40 Iowa, 612; *Kennedy v. School Dist.,* 48 Iowa, 189; *White Oak Dist. v. Tp.,* 52 Iowa, 73.

But it is argued that creditors in accepting the obligations of the several districts had the right to rely on their continued existence as such, and especially that they would not be dismembered to the extent of reducing any to a ter-

ritory smaller than four government sections in that this
would embarrass and impede the prosecution of the reme-
dies available.   The argument based on the want of power
to reduce the extent of a district below four sections has
already been disposed of, and the contention that section 13
of chapter 136 of the Thirty-First General Assembly, hav-
ing been made applicable for the adjustment of assets and
liabilities is not in fact so, requires no consideration.   The
contention that the obligations were accepted on a solemn
assurance that no change in the districts would be made is
equally void of merit.   The power of the Legislature can-
not be defeated or impeded by the action of the agents or
officers of a governmental subdivision of the State, nor can
a creditor of such subdivision acquire any contractual right
which will interfere with the exercise of such legislative
power unles its effect is to impair the obligation held by him.
Otherwise legislative sovereignty might be impinged by
municipal action, and the duty of the General Assembly to
legislate in the interest of the public welfare abrogated to
the detriment of the people.   *Supervisors of Stafford Co. v.
Luck,* 80 Va. 223.   The corporation acquires no vested
rights or franchises granted for the purpose of government
against the State, nor is there anything between them in
the nature of a contract.   Cooley on Constitutional Limita-
tions, 228; *Rader v. Southeasterly Road District,* 36 N. J.
Law, 273.   Municipal corporations, which in this State in-
clude school districts, have such powers only as are conferred
on them by the General Assembly, and in the absence of
any constitutional provision to the contrary it may enlarge
or diminish their powers, divide their territory into two or
more districts, or consolidate two or more districts into one,
or authorize such consolidation or separation *ad libitum.*
*Attorney-General of Michigan v. Lowery,* 199 U. S. 233 (26
Sup. Ct. 27, 50 L. Ed. 167) ; *Board of Education of Barker
Dist. v. Board of Education of Valley Dist.,* 30 W. Va. 429
(4 S. E. 644) ; *Commissioners of Laramie Co. v. Commis-*

*sioner of Albany Co.,* 92 U. S. 307 (23 L. Ed. 553); *Winters v. Georgie,* 21 Or. 259 (27 Pac. 1043); *Wade v. City of Richmond,* 18 Grat. (Va.) 583; *Mayor, etc. v. Shattuck,* 19 Colo. 120 (34 Pac. 947, 41 Am. St. Rep. 222); *True v. Davis,* 133 Ill. 532 (22 N. E. 410, 6 L. R. A. 267); *Beckwith v. Town of Mt. Pleasant,* 100 U. S. 514 (25 L. Ed. 699).

The law is thus summarized by Mr. Cooley in his work on Constitutional Limitations, 228:

The creation of municipal corporations and the conferring upon them of certain powers and subjecting them to corresponding duties does not deprive the Legislature of the State of that general control over their citizens which was before possessed. It still has authority to amend their charters, enlarge or diminish their powers, extend or limit their boundaries, consolidate two or more into one, overrule their legislative action whenever it is deemed unwise, impolitic, or unjust, and even abolish them altogether in the legislative discretion and substitute those which are different. The right and franchise of such a corporation being granted for the purposes of government can never become such vested rights against the State that they cannot be taken away; nor does the charter constitute a contract in the sense of the constitutional provision which prohibits the obligation of contracts being violated.

The creditor deals with the municipality with full knowledge of the reserved powers of legislation which may be exercised at any time and cannot complain unless his obligation is in some way impaired thereby. The division of a school district does not relieve any of the property from being subject to taxation for the payment of existing obligations, and these can be enforced through taxation only. *Meriwether v. Garrett,* 102 U. S. 472 (26 L. Ed. 197). No remedy is taken away or modified by this act. All those which previously existed continue unimpaired. The most that can be said is that the creditors may be compelled to make the consolidated district as well as the new district

outside of the city parties defendant in an action to enforce his obligation instead of the district issuing the bonds only or to maintain two actions instead of one. In either event no more than a mere change of procedure is involved, and under all the authorities this does not affect the obligation in any way.

V. It is urged also that the act is void (1) in that it divests school districts, taxpayers, and citizens of the management and control of their property rights and interests

6. LEGISLATIVE POWER: deprivation of local control.

by creating a board of directors of the consolidated district by legislation; (2) in clothing such board with the power to fix and certify taxes, and (3) by designating nonresidents of the district as directors. It will be noticed from an examination of section 2 of the act that only the terms of office of the directors and other officers of the district having the most numerous electorate continue until the terms by which they were elected have expired. The directors and other officers of districts partly outside the city merely continue in authority "over the territory lying within their districts." How long? Manifestly the design was to indicate those to be temporarily in authority and leave the succession to office as regulated by section 2802, Code Supp. 1907. This section as amended reads:

When any changes are made in the boundaries of any school corporations the new corporation shall elect a board of directors in accordance with the new boundaries, and such new boards shall organize as provided in section twenty-seven hundred and fifty-seven (2757) of this chapter. The boards of directors in office at the time the changes are made in the boundaries of the school corporations, shall continue to act until the boards of directors representing the newly formed districts have been duly organized, whereupon the new boards shall make an equitable division of all assets and liabilities of the corporations affected; and, if they cannot agree, the matters upon which they differ shall be decided by disinterested arbitrators, one selected by each board having an interest

therein and if the number they selected is even, then one shall be added by the county superintendent, and the decision of the arbitrators shall be made in writing, either party having the right to appeal therefrom to the district court.

For offices of the proposed consolidated district the Legislature may be said indirectly to nominate as candidates the officers of the district having the largest electorate, but the choice is left with the people. By an affirmative vote the electors not only effect consolidation, but designate the officers of the new district. Nothing contained in the statute or Constitution precludes the designation of officers of a municipality at the time of its organization or creation in this way, and, this being so, there is no question of deprivation of local control or of self-government involved in the case.

VI.   The legislation is said to be inimical to the section of the Constitution exacting the uniform operation of the laws and prohibiting class legislation. That its applica-

7. CONSTITU-TIONAL LAW: class legislation.

tion is limited to cities of 50,000 inhabitants and over does not subject the act to this criticism. See *Eckerson v. Des Moines,* 137 Iowa, 452; *Tuttle v. Polk* 92 Iowa, 443; *Owen v. Sioux City,* 91 Iowa, 190. Section 2793, Code Supp. 1907, obviates the objection even if it were tenable that no provision is made for extending the limits of the school district with the expansion of city limits. We are not inclined to discuss again the validity of classification of municipalities based on differences in population further than to say that, even though the same text-books may be used generally, different problems arise owing to density of population which justify different legislation.

VII.   Lastly, it is urged that the effect of the act is to take private property for public use without just compensation. This proposition as will be seen is farfetched. No

8. SAME: taking of private property without compensation.

such thought appears in the act, and if tenable at all it must be owing to its probable effect. True, upon a majority vote favorable to consolidation this is effected, and thereby the districts and por-

tions within the city form a new district. But, what private property has been taken? The assets are public property, and there is no inhibition in the Constitution against legislative disposition of public property. "It is everywhere acknowledged that the Legislature possesses the power to divide counties and towns at their pleasure, and apportion the common property and the common burdens in such manner as to them may seem reasonable and equitable." *Com'rs of Laramie Co. v. Com'rs of Albany Co.*, 92 U. S. 307 (23 L. Ed. 552); *Perry Co. v. Conway Co.*, 52 Ark. 432 (12 S. W. 877, 6 L. R. A. 666); *Atty. Gen. v. Lowrey*, 131 Mich. 639 (92 N. W. 289). And the same is true of school districts. *Fitzpatrick v. Board of Education*, 87 Ky. 138 (7 S. W. 896); *Board of Ed. of Barker Dist. v. Board of Ed. of Valley Dist.*, 30 W. Va. 430 (4 S. E. 640). But it is said this happens because no adequate tribunal for the division of the assets and liabilities is provided for. Counsel argue this proposition on the theory that the board of directors of those districts partly within and partly without the city are to meet with the board of directors of the consolidated district and apportion these between the districts. Were this true some of the officers of the new outlying districts though living in the consolidated districts might represent them as claimed. But such is not the law as appears from section 13 of the Acts of the Thirty-First General Assembly heretofore quoted. The board of directors of the portions of districts outside of the city continue to act, but only until their successors are elected. The new board of directors alone can act in equitably dividing assets and apportioning the liability. Moreover, an appeal to the district court is authorized, and that as a matter of law is to be regarded an impartial tribunal. We discover no reason for not sustaining the legislation assailed, and are of the opinion that defendants are entitled to exercise the offices of directors of the independent school district of Des Moines. — *Affirmed.*