M. J. WALLACE and THE SCHOOL CORPORATION OF LAKE-VILLE, Appellants, v. THE INDEPENDENT SCHOOL DISTRICT OF MILFORD, DICKINSON COUNTY, IOWA, and Q. C. FULLER, E. E. HELDRIDGE, H. S. ABBOTT, C. C. CALKINS, C. M. COLDREN and C. F. MAUSS, Appellees.

**Schools:** ORGANIZATION OF DISTRICTS: PROCEEDINGS: STATUTES. A board of school directors may act upon a petition for the establishment of a consolidated independent district under the provisions of Code Supplement 1907, section 2794a, at a special meeting.

**Same:** NOTICE. In proceeding under the statute above referred to notice to persons interested in the organization of the district is not required before submission of the question to the voters.

**Same:** APPEAL: CONSTITUTIONAL LAW. The statute is not unconstitutional because not providing for an appeal to the county superintendent or state superintendent.

**Same:** TERRITORY INCLUDED. The above statute applies where the territory to be consolidated into an independent district is part of an existing independent district.

**Same:** NOTICE: CONSTITUTIONAL LAW. The fact that no notice of the filing of the petition for the organization of a consolidated independent district under the above statute, or of the action of the board of directors, is required, does not render the statute unconstitutional.

*Appeal from Dickinson District Court.*—HON. D. F. COYLE, Judge.

THURSDAY, APRIL 6, 1911.

ACTION in equity to declare null and void the enlarged Independent School District of Milford; to enjoin the election of directors, and for other equitable relief. The trial court sustained a demurrer to the petition, and plaintiffs appeal.—*Affirmed.*

*J. W. Cory,* for appellants.

*Francis & Owen,* for appellees.

DEEMER, J.—Prior to the proceedings which are attempted to be set aside by this action, there were in four townships in Dickinson County, Iowa, twenty-three subdistricts and two independent districts, to wit, the Independent District of Milford and the Independent District of Arnolds Park. In virtue of the provisions of section 2794a of the Code Supplement of 1907, more than one-third of the electors within the limits of a proposed new district petitioned the board of directors of the Independent District of Milford for the enlargement of said district and the consolidation thereof with certain subdistricts in the school township of Okoboji, Milford, and Lakeside and a part at least of the Independent District of Arnolds Park. The petition was examined and approved by the county superintendent and presented to the board of directors of the Independent District of Milford, which board at a special meeting held April 17, 1909, ordered that an election be held on April 29th of the same year, and that the secretary post notices thereof as required by law. These notices were posted, and an election was held on the designated day resulting in a vote of eighty-seven for the proposition and forty-five against. Appeal was taken to the county superintendent and also to the state superintendent, and on each appeal plaintiff and

other objectors were defeated, and thereupon they commenced this action in equity to have all proceedings down to the date the suit was brought, to wit, September 6, 1909, declared null and void.

The state superintendent in deciding the appeal to him filed an opinion from which we copy the following:

Section 2794a, under which the board of directors of the Independent District of Milford acted, clearly makes it possible for any of its citizens at any time to circulate a petition, in which the boundaries of a proposed consolidated independent district are indicated, and when such petition is signed by the required number of resident voters and approved of by the county superintendent, and presented to the board of directors of the corporation in which the largest number of voters reside, such board of directors must within ten days call an election, if all the conditions imposed by section 2794a have been complied with.    The contention of counsel for appellants that such election can be called only at the annual meeting of the board is at variance with the language and at variance with the clear intent of section 2794a.    The petition may be presented at any time and when presented in proper form the election must be ordered within ten days thereafter, but no district formed as the result of such election can begin its corporate existence until the 1st day of July following the election of its board of directors, as provided by section 2794a.    The statute in question places very grave responsibility upon the county superintendent. It is his duty to weigh carefully the interests of all the children in the corporation affected and satisfy himself that no child will, in the formation of the proposed district, have his rights to school privileges taken away or be so situated because of the change as in effect to deprive him of such privileges.    When the county superintendent either gives or withholds his approval to the petition, he has passed upon the question in so far as the law grants him jurisdiction.    He may not subsequently review upon appeal the question he has already determined.    When the petition is presented to the proper board of directors, the board must determine:    (1) Whether it contains the signatures of at least one-third of the legal voters resid-

ing on the territory of the proposed district. (2) Whether it is approved by the county superintendent. (3) Whether the territory of the proposed independent district comprises not less than sixteen government sections of land. (4) Whether the remaining territory of any corporation from which the territory is taken is contiguous or continuous. (5) Whether as the result of the change any corporation is not reduced below four government sections. If these five questions are answered in the affirmative, the board must proceed within ten days to call an election as prescribed by law. From this action which is not discretionary with the board, no appeal will lie to the county superintendent. If the board has proceeded without warrant of law, or committed errors as to the facts, a restraining order from the district court will be the proper remedy.

This seems to be a correct exposition of the law, and plaintiff in commencing this action followed the suggestion contained in the last clause of the opinion. That the exact proposition presented may be better understood, we copy the section of the statute involved.

When a written description describing the boundaries of contiguous territory containing not less than sixteen (16) government sections within one or more counties is signed by one-third of the electors residing on such territory and approved by the county superintendent, . . . and filed with the board of school corporation in which the portion of the proposed district having the largest number of voters is situated, requesting the establishment of a consolidated independent district, it shall be the duty of said board within ten days to call an election in the proposed consolidated independent district, for which they shall give the same notices as are required in sections twenty-seven hundred forty-six (2746) of the Code and twenty-seven hundred and fifty (2750) of the supplement to the Code, at which meeting all voters residing in the proposed independent district shall be allowed to vote by ballot for or against such separate organization. If a majority of votes cast at such election shall be in favor of such independent organization, the organization of the proposed

corporation shall be completed by the election of a board of directors as provided in section twenty-seven hundred and ninety-five (2795) of the Code, said board to organize on the first day of July following unless that day falls on a Sunday, in which case on the day following. All taxes previously certified shall be void so far as the property within the limits of the consolidated independent district is concerned, and all taxes necessary for the new corporation shall be certified and levied as provided in section twenty-seven hundred ninety-six (2796) of the Code, but no school corporation from which territory is taken shall, after the change, contain less than four government sections, which territory shall be contiguous and so situated as to form a suitable corporation. When it is proposed to include in such district a town, city or village, the voters residing upon the territory outside of the town, city or village shall be entitled to vote separately upon the proposition for the formation of such new district by presenting a petition of at least twenty-five percent of the voters residing upon such outside territory, and if the majority of the votes so cast is against including such outside territory, then the proposed independent district shall not be formed. (Section 2794a, Code Supp.)

I. All of the proceedings down to the time of the commencement of this suit as outlined in the section quoted were regular; but plaintiff makes the following objections to the procedure and to the statute itself. It is contended that the board of directors could not act on the petition at any other than a regular meeting and that its proceedings at a special meeting were invalid and void. The statute expressly negatives this idea, as is pointed out in the opinion of the state superintendent from which we have quoted.

II. It is said that notice should have been given to all parties in interest before submitting the matters to the electors; but the statute does not require such notice, and there is no reason in law for the giving thereof. There is nothing in the thought that the statute is unconstitutional because it makes no provision for notice.

III.   It is said that the statute is invalid because no appeal is allowed to the county superintendent or to the superintendent of public instruction; but there is nothing in this point. *State v. Grefe,* 139 Iowa, 18.   Moreover, an appeal was taken to each of these officials, and plaintiff was defeated in each instance.

IV.   It is further argued that the statute does not apply to independent districts; but this point is ruled otherwise in *School Dist. v. New Independent School Dist. of Kelley,* 120 Iowa, 119.

V.   Various other constitutional questions are raised most of which depend upon the single proposition that plaintiff was given no notice of the filing of the petition or of the action of the board.   There is nothing in any of them.   See *Grefe* case, *supra.*   The consolidation did not in any manner affect plaintiff's property rights.

VI.   The only proposition of any merit is that the Independent District of Arnolds Park is left with less than four sections of land.   This point is relied upon in argument and is vigorously pressed; but there is nothing in the petition to which the demurrer was sustained to substantiate the claim.   There is no proper or competent showing as to the original boundaries of the Arnolds Park District.   The section under which the proceedings in this case were had has heretofore been considered by this court in *State v. Board of Directors,* 148 Iowa, 487, wherein the court was equally divided in opinion regarding one point not involved in this controversy, and we there suggested difficulties in the construction and operation thereof. In the late case of *School District v. Ind. District,* 149 Iowa, 480, the statute is again construed, and most of the questions raised by appellant on this appeal are answered. The statute is of doubtful propriety; but it is not for us to repeal or amend the same.   This must be done by the Legislature, if at all.   That body has plenary power in

such matters, and there is no merit in any of the objections made to the law upon constitutional grounds.

The demurrer was properly sustained, and the judgment must be, and it is, *affirmed.*