HENRY ET AL. v. TAYLOR ET AL.

1. **Mandamus:** BOARD OF SUPERVISORS. Under section 382, Code, the board of supervisors have no discretion, and must divide a township where all the prerequisites of the law have been complied with, and the petitition therefor is presented at the time authorized by statute.

2. **Jurisdiction.** Under the facts in this case, *held*, the court had jurisdiction of the subject-matter, and power to grant *mandamus*.

*Appeal from Warren Circuit Court.*

MONDAY, OCTOBER 24.

THE defendants constitute the board of supervisors of Warren county, and the relief asked is that a *mandamus* issue commanding them to perform what is claimed to be an official duty.

A demurrer to the petition was overruled, and defendants

electing to stand thereon, a peremptory *mandamus* was ordered to be issued.   The defendants appeal.

*George Collings*, for appellants.

*Henderson & Berry*, for appellees.

SEEVERS, J.—It is stated in the petition the plaintiffs are electors of Washington township, Warren county, and reside without the incorporated limits of the town of Indianola.   That a majority of the electors of said township petitioned the board of supervisors of said county to divide said township into two townships, the one to embrace the territory without, and the other the territory within the corporate limits of said town.   That said petition coming on to be heard, the board of supervisors made the following order in reference thereto:   " The petition asking that Washington township be divided was not granted for the reason petition did not designate boundaries of the proposed township."   Counsel for appellants say the demurrer raised two question:   " First, that the petition upon its face showed the court did not have juris. diction of the subject-matter;" and counsel further say the questions to be determined are: " did appellants have any discretionary power conferred upon them as contemplated in the latter clause of Code, section 3373."

1. MANDA-
MUS : board
of supervis-
ors.

It must be conceeded the board did act.   Therefore that question is out of the way and it only remains to be determined whether the board under the allegations of the petition had any discretion in the premises.

The statute provides: " When any township has within its limits an incorporated city or town, the electors of such city or town may at the January, April, or June session of the board of supervisors of the county, petition to have such township divided into two townships, the one to embrace the territory without, and the other the territory within such corpor-

ate limits, which petition shall be accompanied by the affidavit of three individuals to the effect that all the signatures to such petition are genuine and that the signers thereof are legal voters of said township residing outside of said corporate limits." Code, § 382. Section 383 provides that a specified notice of the presentation of the petition shall be given, and section 384 is as follows: "If such petition is signed by a majority of the electors of such township residing without the corporate limits of such city or town, the board of supervisors shall divide such township into two townships as prayed therein * * * ." Code, § 384.

Counsel for the appellants insist the presentation of the petition purporting to be signed by the requisite number of electors accompanied with the proper affidavits and notice makes only a *prima facie* case, and that the board has the power, and should determime as to the residence of the signers to the petition, whether the signatures are genuine, and whether they constitute a majority of the electors residing in that township without the corporate limits of the town. Therefore it follows, it is said, as the defendants had the right to determine said matter, and as they did so, their discretion cannot be controlled in this proceeding. It may be this ordinarily is true, but it is an old and clearly established rule that a demurrer admits all facts which are well pleaded. In addition to what is above set out it is stated in the petition that "said petition came on for hearing before the defendants, the board of supervisors * * * and said board found that the petition was duly signed by a majority of the electors, required notice duly given, and presented at a time when authorized by statute." Here is found, as we think, allegations, not only that all the prerequisites required by law had been complied with, but that the defendants so found, and as said allegations must be regarded as admitted by the demurrer, the defendants, as we think, did not have any discretion in the premises, as

the statute provides they "shall divide such township into two townships, as prayed" in the petition.

Counsel for appellants maintain that the court did not have jurisdiction, because the board was vested with a discretion in the premises, and that consent connot give juris- 2. JURISDIC- diction of the subject-matter, and therefore the TION. admissions made by the demurrer should not be so regarded. This argument is fallacious and necessarily leads to the result that it makes no difference what might be alleged in the petition for the purpose of giving the court jurisdiction, the plaintiffs could always be defeated by a demurrer which raised the jurisdictional question. We hold the court had jurisdiction of the subject-matter, provided the prerequisites had been complied with, and the defendants admit the plaintiffs had done all the statute required. The jurisdiction is therefore complete. The reason given for not granting the prayer cannot, under the statute, be allowed to prevail. It amounts to the same thing as if the relief asked had been simply refused.

AFFIRMED.