HIGHTOWER v. OVERHAULSER ET AL.

1. **School Districts:** CHANGE OF BOUNDARIES: MANDAMUS TO COMPEL DIRECTORS TO ACT ON PETITION FOR. Where plaintiff and others, residents of the district township of M., petitioned the directors of said district, and also the directors of the adjoining independent district of E., to have certain territory in which they lived detached from the district township and attached to the independent district, and the directors of the independent district had acted favorably to the petitioners, but the directors of the district township refused to act at all, *held* that *mandamus* would lie to compel them to act in the premises.

2. ———: ———: ———: ESTOPPEL: FACTS NOT CONSTITUTING. In such case, plaintiff was not estopped by the facts that a year before he had presented a similar petition to the same board, and that they then took action thereon, refusing to change the boundaries, and that he failed to appeal from such decision, as he might have done, though the location of the school-houses in his district remained the same.

REED and ADAMS, J J., *dissenting*.

*Appeal from Madison Circuit Court.*

WEDNESDAY, DECEMBER 10.

THIS IS AN ACTION OF MANDAMUS. The defendants constitute the board of directors and officers of the district township of Madison. It is alleged in the petition that said district township is situated within the civil township of Madison, and includes all the territory thereof except section 6; that the independent district of Earlham was formed originally out of the townships of Penn and Madison, and includes said section 6 of Madison township; that on the seventeenth of September, 1883, plaintiff and others petitioned the board of directors of the independent district of Earlham and the district township of Madison to attach certain territory, then within the district township of Madison, to the independent district of Earlham; that the board of directors of the latter district granted the prayer of the petition, and on the same day notified the board of directors of the district township of Madison, then in regular session, of its action, and requested said board to concur

in this action; but that said board refused and neglected to take any action upon said petition and request, and adjourned until October 6; and that at its meeting on the latter date it also neglected to take any action thereon. It is also alleged that plaintiff is a resident of the territory sought to be attached, and that he is damaged and hindered in the matter of school facilities for the proper education of his children, by the refusal of defendants to take action on said petition and request, and that he has no plain, speedy, or adequate remedy in the ordinary course of the law, and the prayer is that a peremptory writ of *mandamus* issue, commanding defendants to take action on said petition and request. The answer admits all the allegations of the petition, except that defendant is damaged by the refusal to take action on said petition, and that he has no remedy in the ordinary course of the law. And it is alleged that at the regular meeting of said board, in September, 1882, a petition was presented to it by plaintiff, asking for the same relief, accompanied by a written notice from the board of directors of the independent district of Earlham, advising it that said board had granted the prayer of said petition, and requesting it to concur in such action; and that afterwards said board of directors took action on said petition and request, and refused to consent to the attaching of said territory to the independent district of Earlham, and that plaintiff is barred and estopped from enforcing the action by reason of these proceedings. A demurrer to these affirmative allegations was sustained by the circuit court, and, defendants refusing to plead further, judgment was entered against them, from which they appeal.

*Dabney & Guiher*, for appellants.

*Wilkinson & Goodale*, for appellee.

SEEVERS, J.—The trial judge has certified that this case involves the determination of two questions of law upon which it is desirable to have the opinion of this court. In

effect, these questions are: (1) whether, upon the facts as they are alleged in the petition and admitted in the answer, the action of *mandamus* will lie to compel the board of the district township to act on the petition of the plaintiff, and the request of the board of the independent district, that it concur in the action of the latter board with reference to the proposed change in the boundaries between the two districts; and (2) whether the action of the district township in 1882, in denying plaintiff's petition, and refusing to concur in the action of the board of the independent district with reference to said proposed change, bars and estops plaintiff from maintaining the action of *mandamus*, he having failed to appeal to the county superintendent from the order then made, there being no change in the meantime in the location of the school-houses in the district township.

The first question we shall consider is whether, under the facts above stated, the defendants can by *mandamus* be compelled to act upon the request made.

I. It is provided by statute that "the action of *mandamus* is one brought in a court of competent jurisdiction, to obtain an order of such court commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance of which the law enjoins as a duty resulting from an office, station, or trust. The order of *mandamus* is granted on the petition of any private party aggrieved." Code, § § 3373, 3377. It is further provided by statute that "the boundaries between a district township and an independent district may be changed at any time with the concurrence of their respective boards of directors." Code, § 1809. Counsel for the appellants insist that no duty is enjoined on the defendants by the section of the Code last quoted. But the board of directors of a district township are vested with jurisdiction, and the right to concur in or agree to a change of the boundaries of the district; and from any decision of the board in relation thereto an appeal may

1. SCHOOL-DISTRICTS: change of boundaries: mandamus to compel directors to act on petition for.

be taken to the county superintendent.   Code, § 1829.   Any person desiring a change in the boundaries of a school-district must apply in the first instance to the board of directors of the respective districts.   If they, or one of them, refuse to make the change, the person aggrieved thereby may appeal, and thus obtain rights denied him by the board.   If, however, the board simply declines to act, then no appeal can be taken, and the party is remediless, unless *mandamus* will lie. The fact that the requisite power and jurisdiction are conferred on the board to decide the question when presented, and from their decision an appeal will lie, implies that a duty is enjoined on the board in respect thereto.   It is true that the board cannot be compelled to act in any particular manner.   They have a discretion in the premises which, it may be conceded, cannot be controlled by the courts; but whatever determination the board may make can be set aside or affirmed on appeal.   All the courts can do is to compel the board to act, to the end that an appeal will lie.   In principle, the case is like *Albin v. Board of Directors*, 58 Iowa, 77; the only essential difference being that in the cited case it was held that the board had no discretion whatever, while in the present case the only relief asked is that the board shall exercise the discretion vested in it as provided by the statute.

II.   The second question to be determined is whether the plaintiff was estopped by his failure to appeal from the refusal of the board to make the change in the boundaries of the district upon his petition the preceding year.   It is said that no change in the condition of the district was shown; that the prior action of the board amounts to an adjudication which is final and conclusive.   Whatever may be the general rule on this subject in the courts, we feel clear that it should not be applied to school boards.   Our school system is not based on any such rigid rules.   It is true, the plaintiff acquiesced in the prior decision, but this did not prevent him from asking the board, at the proper time, to examine the matter again, and at least

act on the matter of the petition. The individuals composing school boards may be yearly changed, and their duties are largely legislative instead of judicial; and we do not think they should be estopped by any prior action taken by them, unless, possibly, private rights would be thereby injuriously affected.

AFFIRMED.

REED, J., *dissenting.* I do not concur in the conclusion reached by the majority in this case. In my opinion, plaintiff is in no' position to invoke the aid of the order of *mandamus.*

The remedy by *mandamus* in this state is statutory. It is provided by section 3373 that " the action of *mandamus* is one brought in a court of competent jurisdiction to obtain an order of such court commanding an inferior tribunal, board, corporation, or person to do, or not to do, an act, the performance or omission of which the law enjoins as a duty resulting from an office, station, or trust." Section 3777 is as follows: " The order of *mandamus* is granted on the petition of any private party aggrieved, without the concurrence of the prosecution of the state, or on the petition of the state by the district attorney, when the public interest is concerned, and is in the name of such private party, or of the state, as the case may be, in fact, brought." And section 3778 provides that " the plaintiff in such action shall state his claim, and shall also state facts sufficient to constitute a cause for such claim, and shall also set forth that the plaintiff, if a private individual, is personally interested therein, and that he sustains, or may sustain, damage by the non-performance of such duty. *		*		*	"

It is manifest from these provisions, as I think, that the order of *mandamus* will issue on the petition of a private individual, commanding a public officer, or board of officers, to do a particular act, only in cases when the act is enjoined by the the law as an official duty, and plaintiff is interested

in the performance of that duty, and does or may suffer dam-
age by reason of its non-performance. The remedy is allowed
private parties for the protection or enforcement of their per-
sonal rights under the law, and they must be aggrieved by the
act or omission complained of, in the sense that they are or may
be damaged thereby, with reference to some right or privilege
which they are entitled under the law to enjoy, or they cannot
invoke the aid of this extraordinary remedy.

It is held by the majority that it was the duty of defendants
to take action on plaintiff's petition, either granting or deny-
ing his prayer, and that, by their refusal to act upon it, he is
deprived of the right of appeal to the county superintendent.
It is said that the duty of defendants in the premises arises
under section 1809, and the right of plaintiff is created by
section 1829. The former section is as follows: "Whenever
an independent district has been formed out of a civil town-
ship or townships, as herein contemplated, the remainder of
such township, or each of such townships, as the case may
be, shall constitute a district township as provided in section
1713, and the boundaries of such district township and inde-
pendent district may be changed,   *   *   *   with the
concurrence of their respective boards of directors." By this
section the question whether changes in the boundaries
between the districts shall be made is left to the discretion
of the boards of directors, and no change therein can be
made except with the concurrence of both boards. The board
of directors of each district has the right to concur in any
proposed change of the boundaries, or to refuse to concur
therein, as to it shall seem to the best interest of the district.
The whole question is left to its discretion, and when it has
taken action thereon it cannot be said, whatever its action
may have been, that it has neglected or refused to perform
its duty in the premises. As the proposed change in question
could be made only with the concurrence of defendants, their
refusal to take any action on the proposition was equivalent to
an express refusal to concur; for such refusal to take action

left the question in precisely the same situation as it would have been placed in by an express refusal to concur. It seems to me clear, then, that it cannot be said that defendants have refused to perform their duty in the premises. They have simply refused to concur in the proposed change, and it was their right to refuse to concur therein.

But it is said that, by refusing to take action on the proposition, they deprived plaintiff of the right to appeal to the county superintendent, as he could not appeal until some order was made by them. The right of appeal from an order or decision of the board of directors is given by section 1829, which provides that any person aggrieved by any decision or order of the district board of directors, in matter of law or fact, may appeal therefrom to the county superintendent. But it is manifest, I think, that plaintiff would not have been aggrieved in any legal sense by any order which defendants might have made in the premises, for the reason that it cannot be said that, upon any state of facts which might have existed, he had the legal right to demand that the change in the boundaries should be made. He, undoubtedly, had the right to demand that the board of directors of the district township should afford him such school facilities as were reasonable. But he did not have the legal right to demand that the boundaries between the two districts be so changed as that he would be included in the independent district, however superior its facilities may have been. And, in addition to this consideration, as the whole question is left to the discretion of the board, it cannot be said that any order it might have made on the proposition would have involved the determination of any question of either law or fact. *Albin v. Board of Directors*, 58 Iowa, 77, cited in the majority opinion, is not at all in point. That case arose under section 1798, which provides that a change in the boundaries between districts shall be made on a given state of facts, on the petition of two-thirds of the citizens of the territory to be affected by the proposed change. The petitioners in that case are enti-

tled to the change as, matter of right, while, under the statute in question in this case, the question is left to the discretion of the boards of directors.

In my opinion the judgment of the circuit court ought to be reversed.

ADAMS, J., concurs in this dissent.