Rural Independent School District Number Ten, Palestine Township, Story County, Iowa, Appellant, v. New Independent School District of Kelley et al.

Schools: FORMATION OF INDEPENDENT DISTRICT: CONSTRUCTION OF
1 STATUTE. A portion of a rural independent school district may be included with part of a school township and a new independent district formed under Code, section 2794, although there will remain in the independent district thus severed less than four sections of land, and in so construing said section it may be necessary to extend its provisions to include independent districts.

Construction of Statutes. The rule that a statute cannot be
2 extended by construction to cover a *casus omissus* is not recognized in the interpretation of remedial statutes.

Amendment of Statute; EFFECT.    Action by the legislature in
3    amending a statute to make it conform to a particular case is
not an admission that it did not originally cover such a case,
which will prevent a judicial interpretation giving it the
same effect as the amendment.

Change of Boundaries.    Time does not settle the boundaries of an
4    independent district so that they cannot be changed according
to law.

Appeal:    ADJUDICATION.    Where the subject of litigation was ap-
5    pealed to the state superintendent and the same .conclusion
reached by him which the court arrives at, it is not necessary to
determine whether the remedy by appeal is exclusive or con-
stitutes an adjudication binding upon the court.

*Appeal from Story District Court.*—HON. S. M. WEAVER,
Judge.

FRIDAY, APRIL 10, 1903.

SUIT for an injunction to restrain the defendant from
exercising jurisdiction over any portion of the plaintiff
district, as originally constituted, and to restrain the
officers of the district and of the county from certifying,
levying and collecting taxes for said defendant district
within the limits of territory originally included in the
plaintiff district.    Decree for defendants.    Plaintiff ap·
peals.—*Affirmed.*

*Thos. H. Cheshire* for appellant.

*Ole O. Roe* for appellees.

McCLAIN, J.—Long prior to 1900 the township of
Palestine, in Story county, was divided into independent
school districts, of which the plaintiff is one, including
within its territorial limits sections 5, 6, 7, and 8 in town-
ship 82 north, range 24 west.    In the year 1900 the incor-
porated town of Kelley was formed in a lawful manner,
including within its limits the south three-fourths of
sections 31 and 32, and the west one-half of section 33,

in township 83 of the same range, and the northwest quarter of section 4, and the north half of sections 5 and 6; all being in township 82. It will thus appear that the township line between Palestine township and the township north of it, to wit, Washington township, ran east and west through the new town, dividing it into two not quite equal parts. The territory included in the corporation situated in Washington township was, for school purposes, a part of the school district of Washington, that township not having been divided into independent districts. Soon after the organization of the town of Kelley, petition was made by the requisite number of electors to the board of directors of the school township of Washington to define the boundaries of a new independent district, coextensive with the limits of the town of Kelley; and action was taken, as authorized by Code, section 2794, to create such new independent district. The plaintiff independent district questions the legality of these proceedings, by which it was attempted to take a portion of the territory included within its original limits, and unite it, with the other territory included within the limits of the town of Kelley, into a new independent district.

The question is whether Code, section 2794, which provides for such a proceeding, is applicable to this case; that is, whether that section, which provides for a petition to the board of directors of the school township in which the larger number of inhabitants of the town reside, for the creation of a district at least coextensive with the town limits, and composed of territory of the school township to which the application is made and an adjoining school township, is applicable where the town includes territory which is a part of one or more independent districts.

1. FORMATION of independent school district: construction of statute.

One objection urged is that, by this severance of territory from the plaintiff district, it will be reduced in size to less than four sections of land; and counsel for plaintiff

contends that it is impossible for an independent district to exist, consisting of less than four sections of land, save under the contingencies specified in Code, section 2798, which relates, however, to subdivision of an existing independent district by concurrent action of the boards of directors of the two districts, and contains the additional stipulation that, save in two contingencies there mentioned, neither resulting independent district shall b· reduced in size to less than four sections of land. It is not true, however, that, as a general proposition, an independent district loses its corporate capacity if, in accordance with any lawful provision, it is reduced to less than four sections in size. Code, section 2793, provides that the boundary lines of contiguous independent districts within the same civil township may be changed by concurrent action of the respective boards of directors, provided that the independent district from which the territory is detached shall, after the change, contain not less' than four government sections. Thus, in two sections of the Code it seems to be indicated that four sections of land should be the minimum size of an independent district, although in one of these sections a smaller size is authorized under certain circumstances. But the provisions of Code, section 2791, authorizes the county superintendent to attach portions of one school corporation to another where by reason of natural obstacles any portion of the inhabitants of the one cannot, with reasonable facility, attend school in their own corporation, and there is no limitation under this section to a reduction of · an independent district to less than four sections. In our judgment, the reduction in size of the plaintiff independent district to less than four sections of land will not prevent its continued existence, and· does not constitute any obstacle to the incorporation of the defendant district.

But perhaps a more serious difficulty in applying provisions of Code, section 2794, to this case, results from

the fact that the language of that section does not have any reference to independent districts. But if this objection is valid, then it is indeed far-reaching, and necessitates the conclusion that when the Code of 1897 was adopted it was not intended that a city, town, or village embracing any portion of the territory already included in an independent district should be formed into one new independent district. There is no other provision, so far as we can discover, for forming an independent district out of a portion of a school township and a portion of an independent district already created, save as the county superintendent may be authorized to effect this result under Code, section 2791, relating to the annexation of a portion of one school corporation to another on account of natural obstacles. But it seems to have been the policy of the legislature, as evidenced in the statutes for many years past in force in the state, to allow the people of a city, town, or village to constitute themselves into an independent district, regardless of the previous school organization covering the territory which is incorporated therein. Thus, in 1858 (see chapter 52, page 57, Act 7th General Assembly, section 1) provision was made for creating a separate school district out of each incorporated city or town, including the territory annexed thereto for school purposes. It is to be noticed that at this time there was no such school corporation known to the law as an independent district; the unit of school government being the school township, with its internal subdivision into subdistricts. In 1862 the school laws were revised, and while the civil township was retained as the school district, and divided into subdistricts as before, it was provided also (sections 84-91, chapter 172, pages 221, 222, Acts 9th General Assembly) that any city or town containing within its limits not less than three hundred inhabitants, and certain territory contiguous thereto, might be constituted as a separate school district, and the separate district thus formed was referred

to as an independent district. The statutory provisions contained in subsequent revisions of the school laws relating to the creation of the territory of cities, towns, or villages, together with such contiguous territory as may be included therein, into a separate or independent school district, seem to have been all based on the provisions of the act of the Ninth General Assembly, already referred to, which as we have suggested, was part of a scheme which did not involve any other form of independent districts than those including cities, towns, or villages. Moreover, the statutory provisions on the subject, from first to last, contemplate the formation of the entire territory of a city, town, or village into one independent district; and this idea has been further carried out by recent enactment (1898) of the Twenty-Seventh General Assembly (page 51, chapter 89), requiring that, when the corporate limits of any city or town are extended outside the existing independent district or districts, the boundaries of such independent district or districts shall be also correspondingly extended.

We have, therefore, on the one hand, the history of the legislation of the state, indicating a manifest purpose to allow the formation of cities, towns, or villages into independent districts, embracing the whole of the territory of the municipality, even though the municipality includes portions of different school corporations, for there is express provision in the act of the Ninth General Assembly as to the giving of notice when the new school corporation is formed of two or more civil townships in the same or adjoining counties, and similar provisions have been in force down to the present time; and we have, on the other hand, the failure of the legislature to specify in particular words how the proceedings shall be conducted when a part of the territory to be incorporated into the new district is already included in a rural independent district, or to authorize definitely the separation from such rural independent district of a portion of its territory

for the purpose of carrying out the manifest intention of the statute. In other words, it seems that when rural independent districts were created the general language of the school law, as it existed at the time, and was subsequently reenacted with reference to the formation of the territory of cities, towns, or villages into independent districts, was not changed to correspond. Under these circumstances, we are justified in taking into consideration the general legislative purpose, and giving it effect, even

2. Construction of statutes. though we are required thereby to extend or curtail the language used in some portions of the statute. The rule that a statute cannot be extended by construction so as to cover a *casus omissus* is recognized in the criminal law, but not in the interpretation of remedial statutes. Bishop, Statutory Crimes, sections 128, 146; Sedgwick on Construction, page 308.

Since the proceedings involved in this case were commenced, the legislature has amended Code, section 2794 so as to make it directly applicable to such a case as the

3. Amendment of statute: effect of. one now before us (29 General Assembly, page 77, chapter 126); and counsel for plaintiff contends that this legislative recognition of the necessity for an amendment in order to cover such a case is an admission that previously the statute did not cover the case. We need not, however, assume to be so ignorant of the methods of legislation as to profess not to know that a statute may be insufficient in its language to carry out the legislative intent, and that when difficulties arise in its interpretation the legislature is likely to change the language so as to make its application clear in other cases, even though the amendment could not be effective as to the case in which the difficulty has arisen. It is quite as likely that the language of the amendment was intended to make the statute correspond to what had previously been supposed or assumed to be the law as that it was thereby intended to change the general intent and purpose of the law.

Our conclusion is that to carry out the legislative intent found in Code, section 2794, reading it in the light of the history of the school legislation and contemporaneous provisions of the school law, we should consider "school township," in that section, as "school corporation," and thus find that, as originally enacted in the Code of 1897, its meaning was the same as that which is now expressly declared by act of the Twenty-Ninth General Assembly.

Counsel for plaintiff dwells at considerable length on the fact that the plaintiff independent district had been in existence for some seventeen years or more before the

4. CHANGE of boundaries. attempt to sever a portion of its territory was made, but we do not understand that any special sanctity is accorded to independent districts, as compared with school townships or other forms of municipal corporation. They are all subject to legislative control, and if the legislature has provided for the severance of territory from an independent district, and its incorporation into a new independent district, there is no vested right in the independent districts already existing, as against such declaration of legislative will.

The question is raised in the case as to whether an appeal to the county superintendent, and from him to the State Superintendent of Public Instruction, is not the only

5. APPEAL: adjudication. remedy of which plaintiff may avail itself to question the correctness of the action of the board of directors of Washington district township. On such an appeal to the county superintendent, it was held that the action of the board was erroneous, but on further appeal to the state superintendent such action was sustained. As the conclusion we reach is the same as that reached by the state superintendent, we think it not necessary in this case to discuss the question whether the remedy by appeal is exclusive, or whether the determination by the state superintendent is an adjudication binding on the courts.—AFFIRMED.