THE INDEPENDENT SCHOOL DISTRICT OF THE TOWN OF FRAZER, Boone County, Iowa, Appellant, v. EMLYN F. JONES, as County Auditor, Boone County, Iowa, F. M. LORENZEN, as County Treasurer, Boone County, Iowa, V. O. HOLCOMB, H. D. HOWE and J. W. KEIGLY, as the Board of Supervisors, Boone County, Iowa, THE RURAL INDEPENDENT SCHOOL DISTRICT OF "HICKORY GROVE," Boone County, Iowa, THE RURAL INDEPEND-

ent School District of "Cline," Boone County, Iowa, and the School Township of Pilot Mound, Sub-District Number 1, Boone County, Iowa, and Axel Henderson, as Treasurer of Boone County, Iowa.

**School districts:** INCORPORATION OF TOWN EMBRACING SEVERAL DISTRICTS: EFFECT. The original incorporation as a town of territory embracing parts of several independent school districts has no effect upon the boundaries of the school districts, but they continue the same as before the incorporation; although by the provisions of Code section 2794 a single independent district may be formed including all of the incorporation and contiguous territory.

**Same.** Nor does Code section 2793-a provide that the boundaries of a school district shall be extended and become coextensive with the limits of a town by virtue of its incorporation; it applies where the limits of a municipality already incorporated are extended.

*Appeal from Boone District Court.*—Hon. C. G. Lee, Judge.

Thursday, March 18, 1909.

Both parties appeal; that of plaintiff being first perfected. *Affirmed* on plaintiff's appeal. *Reversed* on defendants' appeal.

*Ganoe & Ganoe,* for plaintiff.

*C. J. Cederquist,* County Attorney, for Emlyn F. Jones, as County Auditor, V. O. Holcomb, H. D. Howe, J. W. Keigly, as Board of Supervisors, Boone County, Iowa, and Axel Henderson, as Treasurer, Boone County, Iowa.

*George W. Crooks,* for Independent School Dist. of Hickory Grove.

*D. G. Baker,* for Rural Independent School Dist. of

Cline and School Township of Pilot Mound, Subdivision No. 1.

Ladd, J.—When organized in 1904, the incorporated town of Frazer included sections 34 and 35 in township 85 and the north halves of sections 2 and 3 in township 84, all north of range 27 west of Fifth P. M. The land in the last two ·sections was south and west of the river, as were also portions of the other two sections. In 1905 the following tracts were severed from the incorporated town: the W. ½ of the N. W. and the W. ½ of S. W. ¼ of section 34, all that part of section 35 on the south side of the Des Moines River, the S. ½ of N. W. ¼, N. W. ¼ N. W. ¼, and the S. ½ N. E. ¼ of section 3, and the S. ½ N. W. ¼, S. ½ N. E. ¼, and N. E. ¼ N. E. ¼ of section 2. Of the tracts so severed, those in section 34 formed a part of the school district of Pilot Mound, sub-district No. 1, prior to the organization of the incorporated town, those in section 3 formed a part of the rural independent district of Cline, and those in sections 2 and 35 formed a part of the rural independent district of Hickory Grove. These districts were south and west of the river, which formed the boundary between the townships of Dodge, Pilot Mound, and Yell north of the river. The independent school district of Fraser had existed as such for more than ten years and included the portions of sections 34 and 35 north of the river and also parts of sections 22, 27 and 36. So that the incorporated town of Fraser did not include an entire school district, but portions of four different districts, and subsequently parts in three of these were severed from the incorporated town, originally in the defendant districts, and three forty-acre tracts formerly in the independent district of Hickory Grove and three forty-acre tracts in the independent district of Cline south of the river continued in the corporate limits of the town. Plaintiff contends, in substance, that the organization of the incorporated town extended the boundaries of the in-

dependent district of Fraser so as to include all the territory within the limits of the town, and appeals from adverse decision by the district court; while the independent districts of Hickory Grove and Cline appeal from denial of relief as to the six forty-acre tracts mentioned which they prayed be decreed parts of the respective districts.

An examination of the statutes on the subject has led to the conclusion that the defendants' interpretation of them is correct. The organization of an incorporated town alone has no effect on the boundaries of school districts. These continue as before the incorpration. See section 599 *et seq.* Were the law otherwise, which of the four districts out of which the town was carved would survive? Why that of Fraser, rather than that of Cline or of Hickory Grove? Should the extent of territory or the number of inhabitants determine this? If so, the Code is silent on the subject, and, in the absence of legislation, there is no way pointed out by which to say that the territory of one district rather than that of another was extended so as to include that of the incorporated town. Sections 2820e and 2820f of the Code Supplement recognize that several school districts may exist wholly or in part within a city, and in *State - v. Grefe,* 139 Iowa, 18, this court approved the consolidation in one of some seventeen different districts ·or parts of districts. The design of section 2794 of the Code seems to have been to enable the inhabitants of a city or incorporated town to form an independent school district of its territory and that contiguous thereto. It proivdes that: "Upon the written petition of any ten voters of a city, town or village of over one hundred residents, to the board of the school corporation in which the portion of the town plat having the largest number of voters is situated, such board shall establish the boundaries of a proposed independent district, including therein all of the city, town or village, and also such contiguous territory as· is author-

<p style="margin-left:2em;">1. SCHOOL DISTRICTS: incorporation of town embracing several districts: effect.</p>

ized by a written petition of a majority of the resident
electors of the contiguous territory proposed to be included
in said district in not smaller sub-divisions than entire for-
ties of land, in the same or an adjoining school corporation,
as may best subserve the conveniences of the people for
school purposes." As contended by appellant, such a pe-
tition must have been presented to the board of directors of
the independent district of Fraser, but this does not in-
dicate that, independent of the proceedings contemplated
in the above section, its boundaries were extended by the
incorporation of the town. In *Rural District v. New In-
dependent District of Kelley,* 120 Iowa, 119, the legislation
which culminated in the above statute is reviewed, and the
right of the inhabitants of an incorporated town to organize
an independent district even though this encroached on
other districts is fully vindicated. See, also, *Munn v.
School Tp. of Soap Creek,* 110 Iowa, 652; *School Town-
ship v. Independent School District of Castalia,* 134 Iowa,
349.

Appellant relies on next to the last sentence in section
2793a, Code Supp., the whole of which may be set out:
"Corporation Limits Changed. When the boundary line be-
tween a school township and an independent
city or town district is not also the line be-
tween civil townships, such boundary may be changed at
any time by the concurrence of the boards of directors; but
in no case shall a forty-acre tract of land, by the govern-
ment survey, be divided; and such subdivisions shall be ex-
cluded or included as entire forties. The boundaries of the
school township or the independent district may in the same
manner be extended to the line between civil townships,
even though by such change one of the districts shall be
included within and consolidated with the other as a single
district. When the corporate limits of any city or town
are extended outside the existing independent district or
districts, the boundaries of said independent district or dis-

2. Same.

tricts shall be correspondingly extended. But in no case shall the boundaries of an independent district be affected by the reduction of the corporate limits of a city or town." It will be observed that the entire section relates to changes in the boundaries of existing districts, as its title indicates, and not to their creation, and the language of the particular sentence recognizes that several districts may exist in part or entirely within the same city or town. Moreover, the corporate limits of a city or town must have been in existence in order to be extended. To "extend," according to Webster's Dictionary, means "to draw forth or stretch; to prolong, especially in a single direction as a line; to protract, as to extend a line in surveying; . . . to enlarge as a surface or volume; to expand; to dilate; . . . to widen." The definition in the Century Dictionary is "to stretch out in any direction or in all directions; carry forward or continue in length or enlarge in area; expand or dilate, as to extend roads, limits or bounds; to extend the territories of a kingdom." And the Standard Dictionary: "To make larger in space, time or scope; carry out farther than the original point or limit; enlarge or lengthen the bounds or dimensions; lengthen, widen, enlarge." See *Perkins v. City of Burlington*, 77 Iowa, 553. Manifestly, "extended," as used in this statute, has reference to enlarging the territory of an existing town or city by adding territory thereto in the manner provided by the Code. The last sentence emphasizes this thought, and it is not perceived how it would be possible to extend the limits not provisionally established.

We are of opinion that the organization of the incorporated town of Fraser did not affect the existing school districts, and for this reason the petition was rightly dismissed; but the relief sought by the independent districts of Cline and Hickory Grove should have been granted.

*Affirmed* on plaintiff's appeal.

*Reversed* on defendants' appeal.