J. C. CHRISTENSEN et al., Appellees, v. BOARD OF SUPERVISORS OF EMMET COUNTY et al., Appellants.

**COUNTIES:** Board of Supervisors—Division of Township—Mandatory
1 Duty. The board of supervisors has no discretion to refuse to divide a township which contains a city of 1,500, upon the proper presentation of the required statutory petition. (Sec. 5531, Code of 1924.)

**SCHOOLS AND SCHOOL DISTRICTS:** Districts—Alteration—Division of Township—Effect. The division of a township by the board
2 of supervisors, under Sec. 5531, Code of 1924, does not have the effect of dividing an existing school district.

Headnote 1: 38 Cyc. p. 604. Headnote 2: 35 Cyc. p. 850.

*Appeal from Emmet District Court.*—JAMES DELAND, Judge.

APRIL 6, 1926.

ACTION in mandamus, to require the board of supervisors of Emmet County, Iowa, to divide a township. The opinion states the material facts. The trial court, by its judgment and decree, sustained the prayer of the petition, and ordered and adjudged that a peremptory writ of mandamus issue. Defendants appeal.—*Affirmed.*

*Morse & Lee* and *O. N. Refsell,* County Attorney, for appellants.

*Heald, Cook & Heald* and *J. W. Cory & Son,* for appellees.

DE GRAFF, C. J.—This is an action in mandamus, to require the board of supervisors of Emmet County, Iowa, to divide the township of Estherville into two townships. The petition of the electors to the board of supervisors is predicated on the provisions of Section 554, Code of 1897 (Sections 5531 and 5532, Code of 1924). In the logical analysis of this case, the following order of presentation may well be observed: First, the facts; second, the theory of the petition and of its submission below; and third, the statutes applicable to the situation.

1. COUNTIES: board of supervisors: division of township: mandatory duty.

I. *The facts.* It is disclosed by the record that Estherville Township in Emmet County, Iowa, is a congressional township, containing 36 sections. The city of Estherville, with a population of about 4,700, is located within said township, and the entire township, including the city, constitutes the Independent School District of Estherville.

In May, 1924, the plaintiffs herein, with other electors of Estherville Township residing outside the corporate limits of the city of Estherville, filed a petition with the board of supervisors of Emmet County. This petition was signed by a majority of the electors residing in said township outside the city of Estherville, and it prayed that the said township be divided into two townships,—one to embrace the territory without, and the other the territory within, the said city. It is conceded that the said petition is, in form and substance, in conformity to statute, and that due notice was given of the filing of the peti-

tion and of a hearing thereon. The board of supervisors canvassed the petition, but refused to grant the prayer therein, for the specific reason that the division of the township would result in a division of the school district. Thereupon, the plaintiffs instituted the instant action in mandamus, to compel the board to act in the premises.

II. *The theory of the case below.* It is apparent that the board of supervisors of Emmet County denied the petition of the electors on the theory that it had no statutory authority to divide a civil township when by its so doing an independent school district coexistent and coincident in boundaries with said township would also be divided. The resolution of the board in relation to the petition recites:

"That a division of said township as prayed would result in a division of said Independent School District of Estherville, and would create townships not conforming to congressional township lines; that said petition is not signed by a majority of the voters residing within said Independent School District of Estherville, although containing the signatures of a majority of the voters and electors of said township and school district residing without the said city of Estherville."

The instant petition in mandamus alleges that the plaintiffs are owners of real estate in the township of Estherville outside of the city limits of the city of Estherville; that, as private individuals, each sustains and will sustain damage by the non-performance of the duty of the board of supervisors to grant the petition presented to it; and that the reason the plaintiffs will be damaged if the said petition is not granted is "because their taxes on the land they own will be materially higher than they would be if said petition were granted and the said outside territory set off for school district as provided by statute." Therefore, it is shown beyond peradventure of doubt that the objective of the petitioners is not simply to divide the township of Estherville as a political unit, but to divide the independent school district of Estherville, in order to escape alleged burdensome school taxes in said school district.

III. *The statutes involved.* Originally, every civil township was a school district, and it was not until legislation was

enacted which authorized cities and towns to organize separately as school corporations that that geographical incident ceased to be true. To illustrate: The Independent School District of Des Moines includes the civil townships of Des Moines and Lee, and parts of three other civil townships.

2. SCHOOLS AND SCHOOL DISTRICTS: districts: alteration: division of township: effect.

Since the formation of independent school districts under the statute, such districts have always been true to their name. They are *independent* districts, including independence from the civil township organization, and perchance from its political boundaries. It is quite true that, when an independent district is formed, it is beyond the jurisdiction of the board of supervisors, and beyond all limitations on township organization. It is probably true that, as to a school township not containing an independent district, the general law that a civil township shall be a school district applies. The current statute provides:

"Each school district now existing shall continue a body politic as a school corporation, unless hereafter changed as provided by law." Section 2743, Code of 1897 (Section 4123, Code of 1924).

It is further provided:

"When a new civil township is formed, the same shall constitute a school township, which shall go into effect on the first Monday in March following the completed organization of the civil township." Section 2790, Code of 1897 (Section 4130, Code of 1924).

It is obvious, however, that this section has no application to the boundaries of an independent school district then in being.

There are various kinds of school corporations in Iowa. They are specifically created and christened by statute. Section 4124, Code of 1924.

Other provisions govern the manner of making changes in their boundaries, and the specific method or methods defined are exclusive. When an independent district is involved, resort must be had to the statute applicable thereto. *Inter alia,* Sections 4133, 4135, and 4152, Code of 1924. See *Independent Sch. Dist. v. Jones,* 142 Iowa 8.

"The legislature, in its wisdom, has recognized the fact

that, owing to a variety of local conditions, a method or plan of organization which is suitable or convenient in one case may not be in another; and, to meet the varying wants of school communities, has provided different proceedings by which the desired end may be accomplished.'' *Cutler v. Board of Directors,* 172 Iowa 361.

See, also, *Eason v. Douglass,* 55 Iowa 390.

The complications that might arise under the circumstances of the instant case are quite apparent. The legislature never intended that county or township officers should interfere with the boundaries of an independent school district, and this power cannot be exercised, unless expressly conferred by law. To cut down or divide an independent school district, after high and ward schools have been built and a bonded indebtedness has been incurred, is contrary to the intent and spirit of the school law. It follows, therefore, that whatever hope or expectation the petitioners had in the result of their original petition filed with the board of supervisors as to the severance of the Independent School District of Estherville can never find fruition.

An examination of the petition filed with the board discloses that its allegations are in strict conformity to the provisions of Section 554, Code of 1897. No reference is made therein to the Independent School District of Estherville. The prayer is:

''Wherefore, the undersigned respectfully petition your honorable board to divide said Estherville Township, being Township * * *, into two townships,—one to embrace the territory within the corporate limits of said city of Estherville, * * * .''

Section 554, supra, gives the initiative to petitioners to invoke the action of the board of supervisors in the premises, under a special grant of power. The board has no discretion. It simply carries out the express wish of the petitioners, and takes the steps necessary for the installation of township machinery. The section provides in simple English that, when any township has within its limits a city or town with a population exceeding 1,500 inhabitants, the electors of such township residing without the limits of such city or town, upon proper

petition and notice, may have the territory outside the city or township formed into a separate township. The effect of the division as defined in Section 554 reads as follows:

"If such petition is signed by a majority of the electors of such township residing without the corporate limits of such city or town, the board of supervisors shall divide such township into two townships, as prayed." Section 556, Code of 1897 (Section 5534, Code of 1924).

Clearly, this excludes discretionary power in the premises. The judgment or opinion of the board as to the propriety of granting the request is immaterial. See *Henry v. Taylor*, 57 Iowa 72. In the *Taylor* case, however, the question of school district boundaries was not before the court.

Counsel for the appellants strenuously argue that the provisions of Section 551, Code of 1897 (Sections 5527 and 5528, Code of 1924), must be read and construed, in the application of Section 554, supra. Section 551 constitutes an original grant of power to a board of supervisors, not only to divide a county into townships as convenience may require, and to define the boundaries thereof, but "may from time to time make such alterations in the number and boundaries of the townships as it may deem proper." This section vests discretion exclusively in the board, and is wholly independent of any action taken in the first instance by any group of electors. True, its action is subject to this limitation:

"If the congressional township lines are not adopted and followed, the board shall not change the lines of any civil township so as to divide any school township or district, unless a majority of the voters of said school township or district shall petition therefor."

It is a sufficient answer to the contention that the petition before the board involved no change of lines of a civil township so as "to divide any school township or district." Had the board of supervisors of Emmet County on its own initiative by resolution divided the township of Estherville in the same manner as requested in the instant petition, the same results would obtain. That the petitioners had an ulterior motive, and that the ultimate result is disappointment to them, are no concern of the trial court or of this court.

We reach the conclusion, therefore, that the trial court was correct in its finding that the board of supervisors had no discretion in ruling the petition of the plaintiffs, and that the board, in denying the prayer of the petitioners, acted upon a false assumption,—that it had no jurisdiction.

In view of the declared purpose of appellees in seeking the division of the civil township, and the fact that our holding is adverse to said avowed purpose, our affirming order shall be without prejudice to appellees to waive the issuance of the writ of mandamus in the district court and to apply for a vacation of the judgment of the district court, if appellees so elect.

The judgment entered is, accordingly,—*Affirmed.*

All the justices concur.