TOWN OF COLONIE, Plaintiff, v. A. C. ALLYN AND COMPANY, INC., and Another, Defendants.

Third Department, March 5, 1936.

*Frank L. Wiswall*, for the plaintiff.

*Clay, Dillon & Vandewater* [*George S. Clay* of counsel], for the defendants.

RHODES, J. The question here presented is whether Albany-Schenectady Road Extension No. 2 of the Latham Water District in the town of Colonie was legally created in accordance with

the provisions of article 12 of the Town Law, it being asserted by the defendants that it was not validly created in that said extension is not connected with and not contiguous to the balance of said district.

In September, 1929, the Latham Water District was duly authorized and created within the territorial limits of the town of Colonie, and on the 8th of September, 1933, the town board of said town duly made and entered its order and determination further extending said district, said extension being known and denominated as Albany-Schenectady Road Extension No. 2. The boundaries of said extension are not contiguous to the boundaries of the district as theretofore existing, but are connected thereto by pipe lines in public highways and along private rights of way, the distance between the territory of the extension and the balance of the district being about three-fourths of a mile. The territory lying between the previously existing boundaries of said district and the boundaries of said extension is sparsely settled.

In 1935 steps were taken by said town for the authorization of the issue and sale of $179,000 of water bonds of said district to provide permanent financing for extensions to said district including said Albany-Schenectady Road Extension No. 2, and on the 29th of August, 1935, the said issue of bonds was sold by the plaintiff to the defendants at public sale in conformity with the provisions of law governing such sales. The bonds were thereafter prepared in behalf of said town and tendered to the defendants who have failed and refused to accept delivery thereof and to pay therefor, upon the claim that said bonds are not legal, subsisting and valid obligations of said town for the reasons above set forth, it being asserted by the defendants that an extension of the district contemplates that the territory embraced in such extension must be contiguous to the territory of the then existing water district.

No question is raised as to the legality of said issue of bonds except the validity of the creation of Albany-Schenectady Road Extension No. 2, and that question is based upon the grounds herein stated.

Both sides state that they have been unable to find that the point herein involved has been considered or decided in this State.

Section 190 of the Town Law provides that " Upon a petition, as hereinafter provided, the town board of any town may establish or *extend* in said town * * * a * * * water * * * district * * * and provide improvements in any such districts, wholly at the expense of the district."

The statute does not in terms expressly require that any extension of a district must be contiguous to the territory of the original

district, and nothing in the context suggests an intent requiring a reading into the statute of such a provision. There are practical reasons which may have impelled the Legislature to omit such requirement — for instance, inaccessible terrain may separate parts of the territory to be served, thus rendering it impossible for the district to furnish service to such inaccessible area; also the sources of a water supply may be such as to render it desirable to serve certain areas and exclude certain other intervening areas. (See *Matter of City of New York* [*Juniper Ave.*], 233 N. Y. 387; *Matter of Syracuse, B. & N. Y. R. R. Co.* v. *Van Amburgh*, 223 App. Div. 485, 491; affd., 251 N. Y. 548.)

Without prolonging the discussion we construe the language of the section which permits a town to extend a water district to mean that such extension may be created whether it be contiguous to the original district or not.

Judgment should, therefore, be rendered in favor of the plaintiff, declaring that Albany-Schenectady Road Extension No. 2 is a valid extension of Latham Water District, such judgment to be without costs, in accordance with the stipulation of the parties.

HILL, P. J., McNAMEE and HEFFERNAN, JJ., concur; BLISS, J., dissents, with an opinion.

BLISS, J. (dissenting). The Latham Water District was created in the town of Colonie, Albany county, in 1929. In September, 1933, the town board of this town, pursuant to the provisions of article 12 of the Town Law (Laws of 1932, chap. 634), made an order extending the district so as to include an area in the same town, but not contiguous to the water district as it then existed. The territory between the so-called extension and the water district proper is a part of the town of Colonie. A pipe line of the water supply system maintained by the water district runs between the district and the so-called extension.

We are asked to determine if the extension is invalid because the lands which are sought to be added to the district are not contiguous to the district. The answer to this question depends upon the construction to be placed upon section 190 of the Town Law. This section authorizes the town board to " establish or extend in said town " a water district. Here the district had been previously created by the town board and the order or determination in question sought to extend this district by including an area of the town which was not contiguous to the existing district. This the town board could not validly do under the statute authorizing an " extension."

Webster's New International Dictionary defines " extend," when applicable to a surface, as follows: " To enlarge, as a surface or volume; to expand; spread; amplify; as, to *extend* metal plates by hammering or rolling them." Other meanings are " to stretch or draw out; to cause to reach or continue, as from point to point." This lexicon gives no meaning which would exclude the idea of continuity or contiguity.

There are a number of judicial decisions construing the word " extend " or " extension." One of the most recent in our own State dealt with a loss under a fire insurance policy. There Mr. Justice VERNON M. DAVIS, writing for the Appellate Division, First Department, says: " The language of this policy is quite definite as to what goods were to be `insured. It was property contained in the brick building and extensions thereto. We think that the one-story wooden structure in the rear of this lot, forty feet away from the rear wall of the brick building was not an extension of the brick building." (*Acione* v. *Commercial Union Assurance Co., Ltd.*, 182 App. Div. 822.) Another definition of an extension by a court in our own State is found in *N. Y. C. & H. R. R. R. Co.* v. *B. & W. El. R. Co.* (96 App. Div. 471), where the Appellate Division, Fourth Department, wrote: " The term ' extension ' conveys to the mind an enlargement of the main body, the addition of something of less import than that to which it is attached."

The word " extension " has been construed many times in reference to railways and highways and in practically every instance it has been held that the extension must be a continuation of the line extended.

Some definitions from other jurisdictions follow. The word " extend " means to make larger in space, time or scope, carry out farther than the original point or limit, enlarge or lengthen the bounds. (*Independent School District* v. *Jones*, 142 Iowa, 8; 120 N. W. 315.) The word " ' extension ' is sometimes the equivalent of ' expansion,' and when predicated of space, may mean lateral as well as longitudinal enlargement. A man who says he has extended, or intends to extend, the boundaries of his yard, or the limits of his farm, may mean an expansion of the area of these properties in any direction." (*Metlar* v. *Middlesex & Somerset Traction Co.*, 72 N. J. L. 524; 63 Atl. 497.) An " extension," as used in a township ordinance granting to a street railway company the right to construct an extension of its railway, as the word signifies, is a prolongation of the railroad from one of its termini to some other designated point, and, where some distance intervened between the terminus of the road and the proposed

road, the proposed road was not an extension. (*Trenton St. R. Co.* v. *Penn. R. Co.*, 63 N. J. Eq. 276; 49 Atl. 481; 3 Words & Phrases, 2618.)

It does not seem too narrow a construction of the statute to hold that the territory added to a water district as an extension must be contiguous to the original district. In addition to that being the universally accepted meaning of an extension, there are good reasons why the Legislature should have thus limited the new territory to contiguous areas. This makes for orderly procedure and administration. No instances in which administrative districts such as this or municipal corporations such as towns, villages, cities or school districts may be comprised of two or more non-contiguous parcels of land have been called to our attention. One would not seriously contend that in originally creating a water district in a town the town board might order that it be composed of two or more non-contiguous areas. The very word " district " presumes that the territory embraced within its boundaries shall lie in one body.

Nor does the fact that there is a water pipe line running from one of these areas to the other, permit us to draw any other conclusion. We are dealing here with an administrative area, a purely artificial and political subdivision created for administrative purposes only. The fact that a water pipe line runs from one area to the other does not make the two areas contiguous, nor does it make one political body of the two areas.

I believe that we should construe this statute in accordance with its plain terms and commonly accepted meaning. We should also construe it in accordance with the practice of the years of limiting an administrative district or municipal subdivision to lands lying in one body.

I vote to render judgment declaring that the Albany-Schenectady Road Extension No. 2 is not a valid extension of Latham Water District.

Judgment rendered in favor of the plaintiff declaring that Albany-Schenectady Road Extension No. 2 is a valid extension of Latham Water District, without costs.