ELMER F. CLAUSSEN et al., on their own behalf and on behalf of 949 others, appellees, v. HARTSEL M. PERRY, appellant.

No. 49095.

(Reported in 79 N.W. 2d 778)

December 11, 1956.

Hall & McCarthy, of Davenport, for appellant.

Lane & Waterman, of Davenport, for appellees.

Peterson, J.—Pleasant Valley Township in Scott County is composed of five rural independent school districts established in accordance with what is now section 274.35, 1954 Code. The incorporated town of Riverdale is located in District No. 4. It has a population of about 200, and has extensive industrial development. The assessed value of property in the five districts is: One $887,493; two $229,017; three $459,606; four $23,304,698; five $237,916. The town of Riverdale has a ten-room modern

school building with all modern facilities. Two of the other districts have a one-room school, one a two-room school and the other a five-room school. There are 1097 legal voters in the five districts. On December 28, 1955, a petition was filed with the County Superintendent of Schools of Scott County, defendant herein, in accordance with section 274.36, 1954 Code, signed by 954 voters requesting him to call a special election for the purpose of voting on forming Pleasant Valley Township into one township school district. Defendant refused to call the election. This action was started by the five plaintiffs who are residents and voters of the township, on their own behalf, and on behalf of the 949 other petitioners, for a writ of mandamus ordering the County Superintendent to call the election. The District Court found for plaintiffs and ordered issuance of writ in accordance with prayer of petition. Defendant has appealed.

I. Appellant raises five questions as grounds for reversal: 1. Appellees have no right to proceed under section 274.36 because of previous transfer of one small tract of less than a section from Rural Independent School District No. 4 to Bettendorf Independent School District. 2. District No. 4 is not a rural independent school district, since Riverdale, largely confined within the district, is an incorporated town. 3. Appellees have a plain, speedy and adequate remedy at law. 4. Appellees have not shown damages, nor an interest independent of the public interest. 5. The right sought by appellees is not clear and certain.

II. Section 1108 of the Code of 1851 (now 274.6, 1954 Code) provided that school corporations be designated as the school township of (in this case Pleasant Valley). This is the commencement of the school township involved in the action. Section 274.35 provides that upon written request of at least one third of the legal voters in each subdistrict of any school township an election may be called, and, if a majority of the votes in each subdistrict are favorable to the formation of an independent organization, each subdistrict shall become a rural independent district. This happened in Pleasant Valley Township in 1882. Since that time the township has consisted of five rural independent districts. The township is fractional and is composed of between ten and eleven thousand acres. The pertinent

parts of section 274.36, directly involved in this action, are as follows:

"A township which has been divided into rural independent districts may be erected into a school township by a vote of the electors, to be taken upon the written request of one third of the legal voters residing in such civil township.

"Upon presentation of such written request to the county superintendent, he shall call a special election at the usual place or places of holding the township election. * * *

"If a majority of the votes cast at such election be in favor of such organization, each rural independent district shall become a subdistrict of the school township, * * *."

Some years ago a small tract of the township, consisting of approximately 500 acres, was consolidated with the independent school district of Bettendorf. It is the claim of appellant that since the township did not remain intact it does not come under the provisions of the above section.

The question presented by appellant as to the effect of the transfer from Pleasant Valley Township to Bettendorf of the small tract has not heretofore been directly before this court. We hold the transfer of this tract is not of sufficient importance to destroy the effectiveness of the provisions of section 274.36. It is a matter of minor significance, and to ignore the wishes of the electorate of the township by reason thereof would be unjust and inequitable. There is some analogy to support this position in the statutes and in a decision. Section 274.6 contemplates a possibility of more than one township school district. The second paragraph of the section, provides "If there are two or more school corporations composed of subdistricts in any civil township, * * * they should be designated by number." This indicates the legislature did not intend section 274.36 to unalterably include all territory in the township in one district. In State ex rel. Little v. Owens, 244 Iowa 1356, 60 N.W.2d 521, we approved consolidation of part of the civil township, leaving two subdistricts. This sustains appellees' contention that there can be consolidation even if part of the civil township has previously been absorbed by an adjoining district.

III. As the years passed a small town called Riverdale

was started in District No. 4. Throughout early history the school in this district was known as "Duck Creek School." On December 27, 1950, the town was incorporated as "Town of Riverdale, Scott County, Iowa." In 1954 the Board submitted to the electors at the school election the proposition as to whether or not the name of the school should be changed from "Duck Creek" to "Riverdale." The proposition carried. Appellant alleges independent school District No. 4 has not remained a rural independent district because of the inclusion of the incorporated town of Riverdale. He alleges this destroys the rural district character of the component parts of the township, so it cannot "be erected into a school township" as the statute provides. There was never any action taken to change the name or character of the school district. For school purposes it continued to be known as "Rural Independent School District No. 4, Township of Pleasant Valley in the County of Scott, State of Iowa." The reason for continuation of this situation is readily understood in view of the census taken in 1952, which showed there were 219 persons residing in town of Riverdale and 666 persons residing in the remaining portion of the school district. On July 12, 1952, a measure was adopted by the voters of Rural Independent School District No. 4 (not Riverdale) at a special school election, for issuance of bonds in the sum of $160,000, for the purpose of acquiring a site and improving the school building and erecting an addition thereto. On October 14, 1955, another special election was similarly held in which a measure was adopted authorizing the issuance of bonds in the sum of $350,000, for additional site and school building. Section 274.23, Code of 1950 (repealed by 55th G.A.), provided that upon petition of ten voters of a town and of a majority of the voters in the contiguous territory an election may be held to establish an independent school district. This was never done. Appellant cites no decisions supporting his position. We find none. He refers to two opinions of the Attorney General, one in 1899, and one in 1934, but neither is directly in point as to the question involved. There is support for the position of appellees in the following cases: Cutler v. Board of Directors, 172 Iowa 361, 154 N.W. 671; Cook v. Consolidated Sch. Dist., 240 Iowa 744, 38 N.W.2d 265; Christensen v. Board of Supervisors, 201 Iowa 794, 208 N.W. 291; Rural In-

dependent Sch. Dist. No. 10 v. New Independent Sch. Dist. of Kelley, 120 Iowa 119, 94 N.W. 284; Independent Sch. Dist. v. Jones, 142 Iowa 8, 13, 120 N.W. 315, 317. The incorporation of a town in a portion of a rural independent school district does not automatically convert the district from rural to independent urban. In Independent School District v. Jones, supra, we said: "We are of opinion that the organization of the incorporated town of Fraser did not affect the existing school districts, * * *."

IV. In the last ten years school consolidation has properly received special attention by the legislature. The first step was to create a county school system. The provisions first appeared in modern form in chapter 273, 1950 Code. This provides for a county board of education consisting of five members, which board now appoints the county superintendent and under section 273.13(12), Code of 1954, "With the assistance of the county superintendent and the co-operation of the boards of the districts within the county, plan and supervise the orderly reorganization of districts, by union, merger or centralization, into larger and more efficient attendance and administrative units." The Fifty-fifth General Assembly completely revised chapters 275 and 276, which pertain to reorganization of school districts. Chapter 276 was repealed and a new program with reference to reorganization appears in chapter 275. Throughout the 100 years of Iowa legislative history several methods of consolidation, and addition of other territory to existing districts, had been provided. The judicial situation had become difficult because there was confusion as to provisions of statutes, many of which seemed to be ambiguous and contradictory. State ex rel. Nation v. Independent Consol. Sch. Dist. of Gowrie, 245 Iowa 663, 665, 62 N.W.2d 194, 195; 39 Iowa Law Review 570; 3 Drake Law Review 58. In State ex rel. Nation v. Independent Consol. Sch. Dist. of Gowrie, supra, we said: "While the writer is inclined to agree with appellants' statement 'that the school law has reached an all-time high in confusion', there is no reason for adding fuel to the fire * * *." All miscellaneous provisions for consolidation, with one exception, were repealed and a new plan for reorganization of school districts was established under chapter 275. There are still problems in the reorganization law needing legislative attention. 39 Iowa Law Review and 3 Drake Law Review, both supra. The

problems are not present in this action. The section which was the exception as to repeal or revision was section 274.36. This section first appeared in the Code of 1873 as section 1815. It has been amended four times through the intervening years as to helpful details.

Appellant contends appellees have a plain, speedy and adequate remedy at law on the theory that they should use section 275.11 in their consolidation procedure instead of section 274.36. Section 275.11 provides: "Subject to the approval of the county board of education contiguous territory located in three or more school districts may be united into a single district in the manner provided in sections 275.12 to 275.23 hereof." He does not urge that section 274.36 is superseded or ineffective, but in effect his argument is that section 275.11 is preferable. Appellant contends the action of appellees interferes with orderly county consolidation procedure. No evidence appears in the record that a county program has been commenced, nor that any program has ever been presented to the citizens of Pleasant Valley Township. Apparently the residents of the township are desirous of proceeding promptly with a consolidation program. This is logical and sensible in view of the situation with which they are confronted. Their situation is unique. There are few, if any, comparable township conditions in Iowa. In Rural Independent District No. 4 is a modern school plant costing a half million dollars. In the other four rural independent districts are small schoolhouses. The citizens of Riverdale are willing to share with the children of their rural neighbors in the township the educational advantages of their modern and excellent school facilities. The legislature did not repeal section 274.36 because its provisions do not interfere with or contradict the provisions of chapter 275 with reference to reorganization of school districts. The provisions of the section are not contrary to the modern trend of school-district consolidation and reorganization. They coincide with definitive provisions of section 275.1 with reference to reorganization, where the legislature stated as follows: "It is hereby declared to be the policy of the state to encourage the reorganization of school districts into such units as are necessary, economical and efficient and which will insure an equal opportunity to all children of the state." The program of appellees, if

approved by the voters, will accomplish a step forward in this modern school trend. The proposed plan of the citizens of Pleasant Valley Township will not, in any manner, interfere with the over-all county plan. When the county plan is formulated to be presented to voters in various districts, the fact of Pleasant Valley Township being composed of one township school district rather than five rural districts will not be detrimental to county reorganization. Pleasant Valley Township voters are apparently moving more promptly than the County Board of Education. The fact that section 275.11 is in force and effect does not create a condition of plain, speedy and adequate remedy at law as opposed to the provisions of section 274.36. The two sections stand on an equal basis. Both are part of our statutory provisions, and the voters of Pleasant Valley Township had the option to select the procedure they preferred. When confronted with two statutes, similar in import, it cannot properly be claimed that the use of one statute creates a basis for urging the use of the other statute as a plain, speedy and adequate remedy at law.

■ V. Appellees started this action as individuals. Appellant alleges they have not shown damage or sufficient interest to permit such procedure.

Section 661.8, 1954 Code, provides as follows: "The order of mandamus is granted on the petition of any private party aggrieved, without the concurrence of the prosecutor for the state, or on the petition of the state by the county attorney, when the public interest is concerned, and is in the name of such private party or of the state, as the case may be in fact brought."

Section 661.9, with which plaintiffs carefully complied, states as follows: "The plaintiff in such action shall state his claim, and shall also state facts sufficient to constitute a cause for such claim, and shall also set forth that the plaintiff, if a private individual, is personally interested therein, and that he sustains and may sustain damage by the nonperformance of such duty, and that performance thereof has been demanded by him, and refused or neglected, and shall pray an order of mandamus commanding the defendant to fulfill such duty."

Nine hundred fifty-four voters in Pleasant Valley Township signed the request for the formation of a school township. Five of the voters signing the request are plaintiffs and they allege

they are suing on their own behalf and on behalf of 949 other persons similarly situated, but too numerous to mention as plaintiffs in the petition. The president of one of the rural districts testified he had been president for five years and was familiar with the school situation in the township which he fully described. He is one of the plaintiffs. The private parties who were plaintiffs, and are appellees, were aggrieved in two respects. Their children are not getting the modern education to which they are entitled. After consolidation the school tax burden will not be as heavy. In the words of 39 Iowa Law Review 607, the consolidation will have a tendency "to promote economical operation of schools with higher educational standards." The five plaintiffs are thus aggrieved individually, as well as the other residents of the township.

The question has been considered by this court in several cases. Hightower v. Overhaulser, 65 Iowa 347, 21 N.W. 671; Odendahl v. Russell, 86 Iowa 669, 53 N.W. 336; Windsor v. Polk County, 115 Iowa 738, 87 N.W. 704; Bredt v. Franklin County, 227 Iowa 1230, 290 N.W. 669; 35 Am. Jur., Mandamus, section 321.

The following statement appears in 35 Am. Jur., supra, at page 75: "The authorities concur in support of the proposition that an individual may have a particular interest of his own, independent of that which he holds as a member of the general public, in the performance of a duty imposed by law on some officer or board, and that in such cases he is not simply an indistinguishable unit of the general public, but is in possession of a separate and peculiar right which makes him the party interested and so entitles him to seek a mandatory writ to enforce the duty."

In Windsor v. Polk County, supra, at page 742 of 115 Iowa, page 705 of 87 N.W., Justice Ladd clearly stated the position of this court concerning the rights of individuals under section 4345, 1897 Code (now section 661.8), as follows: "If the board unlawfully refused to him, when joined by the lawful number of petitioners, the relief expressly given by the statute—i.e. an order submitting the question of rescission to a vote of the electors—it invaded his clear legal right of having effect given to the petition; and, if it cannot be compelled by mandamus to dis-

charge its duties under such circumstances, the petitioners are left without a remedy for the enforcement of this right. From its very nature the petitioners can have no pecuniary interest in this matter, save in common with the taxpayers of the county; but, as the law confers the right to an order submitting the proposition to an election, it cannot be said not to recognize in them an interest in its enforcement. It is not contemplated that they be left without a remedy or with a remedy depending solely upon the will of the county attorney. * * * *Since the statute gives the requisite number of voters the right to demand the submission of the question to the decision of the electors of the county, any one or more of the petitioners are entitled to a writ, if necessary to compel the entry of the order by the board.* [Emphasis supplied.] Kimberly v. Morris, 87 Tex. 637, 31 S.W. 808; Simpson v. Osborn, 52 Kan. 328, 34 P. 747."

VI. Appellant contends the rights sought by appellees are not clear and certain. All parties agree this is a requisite for the issuance of a writ. 55 C.J.S., Mandamus, section 53; 34 Am. Jur., Mandamus, section 55. The subject is treated in 55 C.J.S., supra, page 88, in the following language: "It is essential to the issuance of the writ that the legal right of plaintiff or the relator to the performance of the particular act of which performance is sought to be compelled must be clear, specific, and complete, or, as otherwise stated, plaintiff or the relator must have a clear and certain legal right to the relief or remedy sought by the writ * * *." A general definition of the provision appears in 34 Am. Jur., supra, page 847, as follows: "To warrant the issuance of mandamus, not only must there be a legal right in the relator, but, owing to the extraordinary and drastic character of mandamus and the caution exercised by courts in awarding it, it is also important that the right sought to be enforced be clear and certain, so as not to admit of any reasonable controversy."

This allegation does not need extensive consideration. Details concerning the questions involved have already been considered in Divisions IV and V. We hold the provisions of section 274.36 are clear. The rights of appellees are clear and certain, and they have complied with the requirements for use of the statutory provisions involved.

VII. Section 274.36 has been in force in substantially its present form for more than 80 years. This is the first time direct interpretation of the section has been before this court. Doubtless this is due to its clarity, definiteness and lack of ambiguity. This prevents citations of precedent or previous authority, except as to the five questions raised by appellant. We hold the provisions of section 274.36, 1954 Code, are equally as effective as those of section 275.11, and the voters of Pleasant Valley Township had a right to avail themselves of its provisions.

The decree of the trial court and order for issuance of writ of mandamus is affirmed.—Affirmed.

All JUSTICES concur.